## J. E. CRISWELL v. J. H. BLEDSOE.

A motion to dismiss a certiorari, awarded after the judgment has been stayed, and more than ninety days after its rendition, should be sustained.

Where the petition for injunction showed that the judgment in the Justice's Court for $72 50, sought to be enjoined, was just to the extent of $12 50, and the injunction was granted as to the residue of the judgment, including the costs: *Held*, to be erroneous.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This action had its foundation in a suit before a justice of the peace, in favor of the appellant, Criswell, against the appellee, in which appellant recovered judgment for $72 50. The appellee stayed the judgment, and after the expiration of more than ninety days from the rendition of it, execution issued, and the appellee paid on it $12 50, and obtained an injunction for the residue, including costs, with a writ of certiorari removing the cause into the District Court. The appellee, in his petition for an injunction, admitted that $12 50, part of the consideration of the note on which the judgment had been rendered, was just, and had been paid on the execution.

The defendant in the court below answered, under oath, the equity of the bill, and moved the court to dismiss the certiorari, and dissolve the injunction.

The court overruled the motion, and on a trial of the cause, on its merits, rendered a judgment against the appellant for costs.

*R. M. Tevis*, for appellant.

ROBERTS, J. If this proceeding be regarded as a certiorari, the petition should have been dismissed on the motion of Criswell, the judgment having been stayed, and also ninety days having elapsed after the rendition of the judgment, and before the granting of the writ.

As an original proceeding by injunction, it cannot be entirely sustained.   A part of the judgment, to wit, twelve dollars and a half, was acknowledged to be just, and was paid by Bledsoe after the execution issued, which was enjoined.   This was sufficient to carry the cost of the Justice's Court against Bledsoe, and he should have paid that also.   As the decree of the District Court enjoins the collection of the entire judgment, it must be reversed.   As the evidence leaves the matter in some doubt as to the rights of the parties, and as a new trial may enable them to exercise more diligence in exhibiting the true state of the case, we will reverse and remand the cause, rather than undertake to reform the judgment, upon the uncertain basis which is furnished us.

Reversed and remanded.