No. 2847.

H. ROSENBERG ET AL. *v.* N. WEEKES.

1. TAXATION OF BANK STOCK.—The Act of Congress of 1868 (sec. 5218) did not require that the restrictions contained in it, should be embodied in the State law of taxation. It is sufficient that upon a fair construction of the State laws regarding taxation none of the provisions of the Act referred to are violated.

2. SAME—NATIONAL BANKS.—The statutes of Texas relating to taxation do not contemplate that real estate belonging to banks shall be taxed. The provisions of the State law which provide for the taxation of any property except shares in national banks are inapplicable to these institutions. To hold those provisions of the tax law which relate to other corporations and individuals applicable to national banks would involve a disregard, not only of an Act of Congress, but of the State Constitution, for they would subject national bank shares of stock to double taxation.

3. INJUNCTION.—Before a citizen is entitled to an injunction to restrain the collection of taxes illegally assessed on a portion of his property only, it is his duty to demand a reduction for the amount improperly assessed, and pay so much of the assessment as is legally due from him.

4. NATIONAL BANK STOCK—TAXATION.—National bank shares of stock are not assessed at a greater rate than other monied capital in the hands of individuals. The privilege accorded banking institutions, other than national banks, of being allowed in assessments deductions for deposits made with them, and debts due by them, is in effect allowed to shareholders in national banks.

5. SAME.—The value of a bank share depends upon the value of the franchise, capital, and property of the bank of all kinds, less the amount of its debts. All such property in the hands of individuals and corporations, other than national banks, is taxed under our Revised Statutes. In arriving at the value of bank shares, liabilities must be deducted from credits, and thus the shareholder obtains the benefit of the reduction. Not to allow banks or individuals a deduction in making assessment of taxes for the property of others held by them, such as deposits, and to tax these against the owner of the deposits, would be to impose a double tax on the same property.

6. SAME.—An individual can not, in the assessment of taxes on his property, have his debts deducted in the estimate from the assessment made against his property generally, but only from the indebtedness due him. A bank share is not a debt due its owner, and in assessing taxes against such owner, his debts should be deducted from his credits, in arriving at his taxable property, and not from his bank share.

7. CASES APPROVED.—Supervisors v. Stanley, 105 U. S., 315, and Pelton v. National Bank, 101 U. S., 143, approved.

8. TAXATION OF UNITED STATES BONDS.—The fact that legal tender notes and United States bonds belonging to corporations or individuals are not taxed in Texas is because of the positive requirements of the Act of Congress.

9. CASES FOLLOWED.—The decisions in People v. Commissioners, 4 Wallace, 244, and in People v. Weaver, 100 United States, 546, to the effect that assessments against insurance companies and individuals were subject to a deduction on account of investments in securities of the United States, which deduction was not made as to assessments against shares in national banks, approved.

10. TAXATION.—The fact that some corporations escape taxation for a large part of their property by having on hand at the proper time legal tender notes, only illustrates how laws intended to be uniform in their operation

may be defeated by the devices of men, but affords no reason why property assessed for taxes should be relieved from a burden legally imposed.

11. Same.—The laws of Texas having provided for the assessment of the same per centage of taxation against every description of property, except a few articles exempt from public policy, and having furnished means for a just and fair assessment of all monied capital, so as to obtain as near as practicable an equal rate of taxation upon all, have complied with the true intent of the Act of Congress (sec. 5219, Rev. Stat. U. S.), and the taxation of the shares of national banks, is not invalid.

12. Same.—There is nothing in the laws requiring shares in national banks to be taxed elsewhere than in the place where they are located.

13. Assessment of Taxes.—If an assessment of taxes be valid, the fact that the assessment was not placed on the proper roll in a proper manner does not vitiate it; the obligation to pay, and the resulting duty to enforce payment by the State, remain.

14. Reconvention.—A tax collector who has been enjoined from collecting taxes may reconvene in the suit, and recover against the plaintiff judgment for such taxes owed by him as are due and unpaid.

15. Damages.—The proper measure of damages against one who improperly enjoins the collection of taxes is interest on the amount enjoined.

Appeal from Galveston. Tried below before the Hon. Wm. H. Stewart.

Henry Rosenberg, James M. Brown and Robert A. Brown, plaintiffs below, sued out the writ of injunction restaining the collector of taxes, N. Weekes, from selling certain real estate belonging to plaintiffs, which the collector had advertised to be sold at public sale for the purpose of collecting money advertised to be due the State of Texas as taxes for the years 1877, 1878, 1879, 1880 and 1881 upon shares of stock owned by plaintiffs in the First National Bank of Galveston, which real estate the collector had advertised to be sold at the same time for the purpose of collecting money advertised to be due the county of Galveston as the amount of taxes levied by the commissioners court for said years and assessed upon the shares of stock owned by plaintiffs. The collector filed, July 7, 1886, his amended original answer and plea in reconvention.

Judgment against each of plaintiffs for the use of the State and county the amount of taxes claimed, and for interest and costs of suit.

*Trezevant & Franklin,* for appellants, on their proposition that the assessments under which the several taxes claimed of appellants were assessed, if any assessment was made against ap-

pellants, was not made under and by authority of any system of assessment prescribed by the legislature of this State, or purporting to have been prescribed, in conformity to or in compliance with the Act of Congress, authorizing the States to tax shares of stock in national banking associations. Such a system of assessment being a condition precedent to the right or authority of the State to assess such species of personal property for taxation, cited Revised Statutes of United States, Article 5219; Revised Statutes of Texas, title 95, chapters 2 and 3; Id., Article 4692, paragraph 5; 1 Desty on Taxation, 376; Burroughs on Taxation, 702; People v. Moore, 1 Idaho, 504; 53 Maine, 594; Smith v. Webb, 11 Minnesota, 378; Mayor v. Thomas, 5 Colorado, 600; Frazer v. Seibern, 16 Ohio State, 614; City National Bank v. Paducah, 5 Central Law Journal, 347; Commissioners of Rice County v. Citizens National Bank, 23 Minnesota, 280; Van Allen v. Assessors, 3 Wallace, 573; Bradley v. The People, 4 Wallace, 459; People v. Commissioners, 94 United States, 415.

On their proposition that the list of taxable property and its value rendered by the owner is the assessor's authority for assessing such property on the rendered roll, and if there be no such rendered list, there is no such authority, and the assessment of unrendered property upon the rendered roll is an unauthorized act of the assessor, and such an assessment is illegal, and not such an assessment upon or by authority of which the tax collector is authorized to levy upon and sell property, or the court to render a judgment.

That where a particular form of assessment roll is prescribed by statute, that form must be substantially followed, and the courts will not admit the substitution of a different one. A tax, to be valid, must proceed upon a regular and fair assessment, made in the manner and form, and with the securities and solemnities provided by statute, they cited Welty on Assessments, pages 9, 10, note 7, sections 8, 223; Cooley on Taxation, 259, 260, 280; Burroughs on Taxation, 201, 203; 1 Desty on Taxation, pages 449, 450; House v. Stone, 64 Texas, 677; Clegg v. State, 42 Texas, 610.

On their proposition that a statute which does not provide for or authorize the deduction of the real estate of national banks from the aggregate value of their shares, and which requires the shares of national banks to be assessed at their market value, establishes a mode of assessment by which such shares are taxed at a greater rate than other moneyed capital of the State, they cited

Revised Statutes United States, section 5219; Revised Statutes, Articles 4671, 4672, paragraph 7, Article 4692, paragraph 5, Articles 4682, 4684; Burroughs on Taxation, 170; Van Allen v. Assessors, 1 Thompson, National Bank Case, 1; same case, 70 United States, 573; Bradley v. The People, 1 Id., 14; same case, 71 United States, 459; People v. Weaver, Brown's National Bank Cases, 57; same case, 100 United States, 539; Boyer v. Boyer, 113 United States, 689; same case, volume 20, Central Law Journal, 309; City National Bank v. Paducah, 1 Thompson's National Bank Cases, 300; Frazer v. Seibern, 16 Ohio State, 614; People v. Commissioners, 69 New York, 91; Wasson v. The Bank, Supreme Court Indiana, 5 Western Reporter, 270.

No briefs of appellee's counsel have reached the Reporter.

WILLIE, CHIEF JUSTICE. The appellant sued out an injunction restraining the appellee, as tax collector of Galveston county, from selling certain of their real estate in satisfaction of taxes claimed to be due to the State of Texas and to the county of Galveston, upon their shares of stock in the First National Bank of Galveston. Upon final hearing, the court below dissolved the injunction and dismissed the bill; and, further, upon a plea in reconvention of the appellee, containing a prayer to that effect, adjudged that the appellee, in his official character of tax collector, and for the benefit of the said State and county, recover the amount of taxes due them respectively from each of the defendants, the collection of which this suit was brought to restrain, together with interest and costs of suit.

From that judgment this appeal was taken.

The appellants insist that the tax levied upon their shares in said national bank is illegal, and in support of their objections to the tax present the following issues:

"1. The State of Texas has not prescribed any system for the assessment of shares of stock in national banking associations, as by the Acts of Congress it is required to do as a condition precedent to the right of the State to tax said shares, and the system of assessment in force in this State is not in conformity with the conditions imposed by the Acts of Congress.

"2. No valid assessment against plaintiffs, upon the shares of stock owned by them, has been made by the assessor of Galveston county.

"3. Plaintiffs' shares of stock are, under the laws of this State, taxed at a greater rate than is other moneyed·capital in the hands of individual citizens of this State, and that the taxes sought to be collected of appellants are levied and assessed in violation of the Act of Congress by which the State is permitted to tax such shares."

Under the first of these issues, they make these propositions:

"1. No provision is made by the tax law of this State, as required by the Act of Congress to be made, for deducting, in the process of assessment, the value of real estate and other taxable property of national banks from the aggregate value of the shares of stock in such associations.

"2. No provision is made by the tax law of this State, as is required by the Act of Congress to be made, for taxing in the city or county where the bank is located, and not elsewhere, the shares of stock owned by non-residents of this State.

"3. There is no declaration in the tax laws of this State, as is required by the Act of Congress to be made, that the State tax upon national bank shares shall not be at a greater rate than upon other moneyed capital in the hands of individual citizens of this State."

It is a sufficient answer to all these propositions to say that the Act of Congress does not require that the restrictions set forth in the Act shall be embodied in the State͵law of taxation. It is sufficient that, upon a fair construction of the State law, none of the provisions of the Act of Congress are violated. This was held in the case of Harrison v. Vines, 46 Texas, 22, under the Act of 1864, and there is nothing in the Act of 1868 which requires that it shall receive a different interpretation.

Whether a proper construction of the Acts of our legislature shows that they tax shares in national banks at a greater rate than other moneyed capital in the hands of individual citizens, is the principal question in this case. We do not regard the points made as to the deduction of the value of the bank's real estate from the tax value of its shares as amounting to anything. Our statutes do not contemplate that real estate belonging to banks shall be taxed at all. All the provisions of these statutes which levy a tax upon any property whatever except shares in national banks are wholly inapplicable to these institutions. They apply only to other corporations and individuals. To hold them applicable to national banks would make the statutes violate not only the Act of Congress, but our State Consti-

tution, for it would subject national bank shares to double taxation. Such a construction would be in plain conflict with the whole spirit and intent of the law, if not of its letter; and it is against all rules of construction to so interpret a law as to make it unconstitutional, or otherwise void, when no such interpretation is demanded by its language. (St. Louis National Bank v. Passin, 4 Dill C. C. Rep., 29; Commissioners v. Bank, 23 Minn., 280.)

We hold then that under our Revised Statutes of 1879 the real estate of national banks could not be taxed, and any attempt of an assessor so to do was unauthorized. But because an officer transcends the bounds of his duty, and assesses an illegal tax against a person, such person is not freed from taxation upon other property. And even if he be entitled to a reduction upon other taxes by reason of such unlawful assessment, it is his duty to demand the reduction and pay the tax legally due from him before coming into a court of equity to enjoin the collection of an entire tax a part of which it is his duty to pay. (National Bank v. Kimball, 103 U. S., 732, Pelton v. Bank, 101 U. S., 143.)

So far from the appellants having done so in the present case, they have neither paid nor offered to pay anything upon the tax imposed upon their bank shares; and the record does not show that the bank has ever paid the tax assessed against its real estate. Nor do we think that national bank shares are assessed at a greater rate than other moneyed capital in the hands of individual citizens. In the assessment of State banks, brokers, etc., deductions are allowed for deposits made with them and debts due by them. But the same privilege is in effect allowed to shareholders in national banks. The value of a bank share depends upon the value of its franchise, capital, and property of all kinds, less the amount of its debts. All such property in the hands of individuals and corporations, other than national banks, is taxed under our Revised Statutes.

We tax bank shares according to their actual value. In arriving at that value, we must necessarily deduct liabilities from credits, and in this way the shareholder obtains the benefit of the reduction. The value of his shares is decreased to an extent proportionate to the debts and liabilities of the banking institution. Not to allow to banks and individuals a deduction for the property of others held by them, such as deposits, and to tax these against the owner of deposits, would be to impose a double tax upon the same property.

If the claim of the appellants is that their individual debts should be taken from the value of their shares, then it should be made to appear that they owed such debts, or else the law is valid as to them. This was in effect held in the case of Supervisors v. Stanley, 105 United States, 315, where it is said: "When the shareholder has no debts to deduct, the law provides a mode of assessment for him which is not in conflict with the Act of Congress, and the law in that case can be held valid." For aught that appears, these appellants owed no debts; and if they did, they may have been already deducted from debts which were due to them in making a general assessment of their property. (Pelton v. National Bank, 101 United States, 143.)

An individual has no right, under our laws, to have his debts deducted from the assessment made against his property generally, but only from the indebtedness due him. A bank share is not a debt due its owner; and if these appellants had debts due themselves, and also owed debts, these latter should have been deducted from their credits and not from their shares. As the assessor was presumptively informed as to their credits, we must further presume that he took from the assessment made against them the whole amount of their indebtedness.

That the legal tender notes and United States bonds belonging to corporations or individuals are not taxed by our laws is not their fault, but is due to the positive requirements of the Acts of Congress.

In the case of People v. Commissioners, 4 Wallace, 244, assessments against insurance companies and individuals were subject to a deduction on account of investments in securities of the United States, which deduction was not made as to assessments against shares in national banks. The law was sustained by the Supreme Court of the United States, and the decision is cited with approval in People v. Weaver, 100 United States, 546. We think this case decisive of the question.

The exemptions allowed by our laws are very few, and such as are called for by an enlightened public policy. It has been held by the United States Supreme Court that the allowance of such exemptions does not show an unfriendly discrimination against national banks by the taxing power. The case of Boyer v. Boyer, 113 United States, has no application to our laws, as there the exemption was of a large portion of the moneyed capital of the State, whilst our laws reach every article of the kind, with trifling exceptions, which the State is allowed to tax.

That some corporations escaped taxation for a large part of their property, by reason of having on hand legal tender notes, can not affect this case. This does not occur by any fault of the law or of its officers, but under any system of laws it will frequently happen that persons or corporations will escape taxation by various shifts and devices; but this does not vitiate the system or relieve property subject to taxation when listed against its owner. There was not shown in this case any systematic or intentional violation on the part of the State, or its officers, of the laws of Congress in the valuation of moneyed capital. Some of them even allowed shareholders in national banks to deduct the value of the bank's real estate from the value of their shares; others did not, but it was not demanded of them. These officers could not have assessed legal tender notes under any circumstances; and it was not shown that the millions of capital invested in State corporations was not assessed and taxed, and we are certainly not to presume that they escaped taxation when there was nothing in our laws to justify it.

We think that our laws having assessed the same percentage of taxation against every description of property, excepting a few articles exempted from public policy, and having provided means for a just and fair assessment of all moneyed capital, so as to obtain as near as possible an equal rate of taxation upon all, has complied as far as possible with the true intent of the Act of Congress, and its taxation of the shares of national banks is not invalid.

Exact uniformity of taxation is almost unattainable. Shares of national bank stock could not be put upon an exact level with that of other institutions without taxing the shares in these as well as those of the national banks. But it is clear that Congress did not intend that should be done or it would not have stricken out the restriction which was in the law of 1864, and not in the law of 1868. States can now tax the capital and property of other corporations, whilst they, at the same time, tax shares in national banks, and our laws produce as much uniformity as can possibly be attained consistently with the laws of the United States. There is nothing in our laws requiring shares in national banks to be taxed elsewhere than in the place where they are located, and if there were, these appellants are not affected by the provision.

In making this decision we have referred only to our Revised

Statutes and the Act of 1876, which is in effect the same in its provisions, these being the laws governing the case.   By the Act of March 31, 1885, the law now in force, an attempt has been made to more literally perform the requirements of the Act of Congress in reference to the taxation of national bank shares.

The tax being valid, the fact that the assessment was not placed upon the proper roll in a proper manner does not vitiate it.   The tax was due from the shareholders, and they should have paid or offered to pay so much as was legally due and chargeable upon this particular property before asking relief of a court of equity.   (Harrison v. Vines, supra.)

It was held in Higgins v. Deane, Galveston Term, 1881, in an oral opinion in a case like the present, that the tax collector, for the use of the State and county, may reconvene for the taxes enjoined in a case like the present and obtain judgment therefor.   That decision is conclusive as to the point raised upon the plea of reconvention in the present case.   Section 9 of the Act of 1873, page 127, and section 21 of Act of 1876, seem to contemplate a recovery of interest on taxes overdue and for which suit has to be brought; and on general principles a person should not be allowed to withhold from the government the taxes lawfully assessed against his property and by injunction prevent their collection for a long period of time without paying damages for the delay, though they could not be recovered in an ordinary suit by the State, and the most appropriate measure of such damages is the interest accruing upon the amount enjoined.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered March 26, 1887.