## RIPPS v. HERMANN.

(Court of Civil Appeals of Texas. San Antorio. March 3, 1914.)

1. EXECUTION (§ 171*)—ENFORCEMENT—INJUNCTION—NEWLY DISCOVERED EVIDENCE—LACK OF DILIGENCE.

An injunction will not be granted to restrain the enforcement of an execution for alleged newly discovered evidence, consisting of a letter which complainant claimed he had lost or misplaced, and in which defendant was claimed to have admitted that complainant's indebtedness was much less than that for which judgment was recovered; there being no allegation that any effort had been made to produce the letter at the trial, or that he had revealed to any one the existence of such letter prior to judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

2. EXECUTION (§ 172*)—INJUNCTION—COLLECTION OF JUDGMENT—PARTIAL VALIDITY—TENDER.

Where complainant admitted that a judgment recovered against him was valid to the amount of $616, he was not entitled to an injunction restraining the enforcement of the judgment for a larger amount without having tendered the amount admitted to be due.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Henry C. Ripps against Arthur J. Hermann. From a decree dismissing the suit, complainant appeals. Affirmed.

See, also, 158 S. W. 781.

FLY, C. J., This is an appeal from a decree of the district court sustaining a general demurrer, and dismissing the suit on a refusal to amend. An injunction has been applied for in this court to restrain a sale of property under execution pending this appeal. The petition endeavored to set up grounds for an injunction against an execution issued by virtue of a judgment obtained by appellee against appellant, which judgment was heretofore affirmed by this court, and a writ of error refused by the Supreme Court, and to have the judgment set aside. The ground upon which it was sought to set aside the judgment was that appellant had discovered a letter from appellee which he had lost or misplaced, in which appellee had claimed that appellant, on July 3, 1912, only owed him $616, and then came into court and swore that appellant owed him $1,881.20. There is no allegation that any effort was made to produce the letter at the trial, that appellee was examined in regard to it, or that the existence of the letter was ever revealed to any one until after the cause had been decided in the Court of Civil Appeals. Counsel for appellant, in their argument, stated that they heard nothing of the letter until after the cause had been decided against appellant in this court, although appellant knew he had it.

[1] The petition shows an utter lack of diligence. It clearly indicates the careless-ness of appellant in putting the letter where he could not find it, and shows a lack of diligence in prosecuting his search. He did not even communicate the fact of the existence of the letter to his lawyer. It may be that an injustice was done to appellant; but it must distinctly appear that appellant used all diligence to have the letter or its contents before the trial court, before a court of equity will interfere with an execution at such a stage of the case as this. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Clegg v. Darragh, 63 Tex. 357; Brownson v. Reynolds, 77 Tex. 255, 13 S. W. 986; Kruegel v. Cobb, 124 S. W. 725.

[2] In the petition it is admitted that appellant is indebted to appellee in the sum of $616, and he asks that the judgment be scaled to that amount; but there is no offer to pay the amount admitted to be due on the judgment. In order to entitle appellant to an injunction to restrain the collection of the judgment, he should have tendered the amount admitted by him to be due on the judgment. Criswell v. Bledsoe, 22 Tex. 656; Rosenberg v. Weekes, 67 Tex. 578, 4 S. W. 899; Smith v. Smith, 75 Tex. 410, 12 S. W. 678. The petition of appellant showed that the judgment was valid as to $616, and an execution as to that amount could not be restrained, no matter how invalid the other part may have been, unless there was a tender of the valid part of the judgment.

The allegations as to the perjury of appellee are too uncertain and indefinite to sustain the action declared upon.

The judgment is affirmed.