

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 5, 1961

Honorable Robert S. Calvert          Opinion No. WW-1208
Comptroller of Public Accounts
Capitol Station                      Re: Proper method for
Austin, Texas                            assessing value of
                                         shares of bank stock
                                         for ad valorem tax
                                         purposes in view of
                                         Attorney General
                                         Opinions Nos. V-315
Dear Mr. Calvert:                        and WW-439.

        In your letter requesting our opinion on the above,
captioned matter, you state:

                "It has been the long standing practice
        of the Tax Assessor-Collectors in the
        State of Texas to assess the shares of
        stock of a bank as the par value of
        capital stock, plus the surplus and
        undivided profit, less the assessed
        value of real estate. Attorney General
        opinion No. WW-439 says that the method
        for assessing such stock is based upon
        the actual cash value of the stock less
        the value of the proportionate amount
        per share of the real estate owned by
        the bank."

        You further state that in connection with this question
you are having difficulty in reconciling Attorney General
Opinions Nos. V-315 and WW-439.

        In Opinion No. V-315, the state banking corporation in
question had been granted its charter in September 1946. The
Banking Commission's permit gave January 2, 1947, as the
opening date of the bank, which did in fact open on that date.
The capital stock had been subscribed to by the stockholders
prior to January 1, 1947, and the bank's capital as well as
surplus and undivided profits was set up prior to January 1,
1947. A certain portion of the undivided profits had been
used for the purpose of furniture and fixtures for the bank.
The bank did not own any real estate. The precise question
presented for consideration was:

> "In view of the fact that the capital,
> surplus and undivided profits were in
> being prior to January 1, 1947 and some
> of the monies and the profits were used
> prior to January 1, 1947, is this capital
> the surplus and undivided profits taxable
> property for the year 1947 even though the
> State Banking Commission's permit gives
> the opening date as January 2, 1947 and
> the bank in fact started operating as a
> bank as of January 2, 1947?"

The specific answer to this question and, therefore, the specific holding of Opinion No. V-315 is contained in the following paragraph:

> "These bank shares under the express
> provisions of Article 7145, V.C.S., above
> quoted are subject to taxation. They are
> 'property; real, personal or mixed.' They
> were in existence on January 1st and the
> fact that the bank itself did not open
> its doors for business until January 2 is
> immaterial."

It is true that the Opinion states that the ". . .value of the capital, surplus and undivided profits (being personal property) is used as a basis for determining the value of the shares for taxation purposes." However, this statement was not necessary to a determination of the question under consideration and is therefore not a part of the specific holding of Opinion No. V-315. In view of the facts which were presented in connection with the opinion request, that method of valuation would probably have been the correct method of valuation in that particular case.

We agree with the following statement contained in Attorney General's Opinion No. O-5258:

> "Although the aggregate 'actual cash
> value' of the shares of a bank normally
> is based upon the value of its franchise,
> capital, and property of all kinds, less
> the amount of its debts, Rosenberg v.
> Weekes, 67 Tex. 578, 584, 4 S.W. 899, 'it
> is proper for the assessor or the board
> to consider all elements which tend to
> compose or augment the value of the stock
> in the hands of the individual stockholder.'
> 6 Tex.Jur., p. 348. From the value thus

> obtained is to be deducted the proportionate
> amount per share at which the real estate
> of the bank is assessed.  See our Opinions
> Nos. 0-2406, 0-3563 and 0-1214, enclosed
> herewith, for different applications of
> this formula.  The obvious purpose of the
> formula was to obtain the value of all
> assets of the bank, except real estate,
> and to tax such assets proportionately
> against the shareholders."

In other words, we are of the opinion, as was held in Attorney General's Opinion No. 0-4869, that there is no exclusive method for determining the fair cash market value of shares of bank stock.  Generally speaking, we reaffirm the holding of WW-439 ". . . that such stock value would be the value of the stock rather than the value that would be obtained by adding the value of the capital stock, the amount of surplus, undivided profits or reserve funds and dividing this by the number of shares of stock."  But this is not to say that the latter method of valuation could never result in a determination of the actual cash value of the stock.  As stated in Opinion No. 0-4869:

> ". . . any method reasonably calculated
> to reach a correct conclusion as to value
> is sufficient for the taxing authorities.
> The laws of this state place the duty of
> determining the value of such stock within
> the discretion of the local assessing
> authorities.  The Legislature has vested
> in boards of equalization, as constituted
> by statute, the sole discretion in the
> valuation and the equalization of values
> of property subject to ad valorem taxation.
> Their action is clothed with the presumption
> that it has been rightfully made on the
> basis of actual value and the courts will
> decline to disturb such assessments unless
> shown to be arbitrary and grossly excessive
> or fraudulent or based upon a fundamentally
> wrong principle or method.  40 Tex.Jur. 158.
> Further than this the courts have not gone
> nor can this department in stating the rule."

## S U M M A R Y

The value of shares of bank stock
for ad valorem tax purposes should be

based upon the actual cash value of the
stock less the value of the proportionate
amount per share of the real estate owned
by the bank. Depending upon the facts of
each case, this actual cash value may or
may not be obtained by adding the value
of the capital stock, the amount of surplus,
undivided profits or reserve funds and
dividing this amount by the number of shares
of stock.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

F. C. Jack Goodman
Leon Pesek
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.