LAWSON F. HENDERSON, Adm'r, &c. *v.* PHINEAS M. GARRETT and WIFE.

CHANCERY: INTERPLEADER: INJUNCTION.—A judgment debtor, who has been summoned as a garnishee, may maintain a bill of interpleader against the plaintiff, and the person suing out the garnishment; and he is entitled to an injunction against the collection of the judgment, until the rights of the parties are adjusted and settled.

APPEAL from the Superior Court of Chancery.   Hon. Charles Scott, chancellor.

Cecilia Reagan, and P. M. Garrett one of the appellees, were appointed administratrix and administrator, on the estate of William Cargill, deceased.   Pending the administration of said estate, Garrett resigned his trust, and made a final settlement, and the Court of Probates rendered a judgment against Mrs. Reagan, as administratrix, in his favor, for $2330.75, of which sum $1945 were for commissions.   Afterwards, in 1848, Mrs. Reagan filed this bill, in which she charged, that the whole of said judgment was for commissions; and that previous to its rendition, she had made a deed to Garrett's wife, conveying to her a valuable tract of land, which was done by agreement between Mrs. Reagan and Garrett, that the same should be in full satisfaction of his commissions.   That the consideration mentioned in the deed, to wit, "natural love and affection, and ten dollars paid," was fictitious, and was so inserted in the deed, by the direction of Garrett, who was largely indebted, and stated that he wished the conveyance to be made in this manner, to defeat his creditors.   That she resisted before the Court of Probates, Garrett's claims for commissions, upon these grounds; but that Garrett contended, that the deed was conclusive, and could not be contradicted, and the Probate Judge sustained his views on that subject.

The bill further charged, that the complainant had recently been garnisheed on certain judgments rendered against Garrett; and, that in one case, judgment had been rendered against her, and that the others had been continued without being disposed of.   The bill sets out the dates and amounts of the judgments on which garnishments had been issued, and makes the plaintiffs therein, defendants. The bill also sets up, that the complainant had paid certain debts due by Garrett, and seeks to have the amount so paid credited on the decree; and it also charges that there had been, since the rendition of the decree in the Probate Court, a settlement of it, between Garrett and her agent.

The prayer was for an injunction, in the first instance, against Garrett collecting the decree, and against the garnishing creditors further proceeding with their garnishments; that the decree in the

Probate Court might be declared satisfied by the giving of the deed; or, if that cannot be done, that Garrett and the garnishing creditors might be compelled to interplead, and for general relief.

The answer of Garrett denied fully all the allegations in the bill, in relation to the payment or settlement of his commissions, and stated that the deed was voluntary, and that the consideration was truly expressed in it, and insisted that no other or different consideration could be proven. It admitted the rendition of the judgments against Garrett, and the issuance of the garnishments as stated in the bill; but insisted that the garnishments had been issued at the instance of Mrs. Reagan; that she was not liable to be garnisheed on the judgments. The answer as to the debts charged to have been paid, insisted, that if any such payments were made, they were entirely voluntary, and without any authority from him.

In 1851, the chancellor dissolved the injunction which had been granted, and the complainant appealed to this court.

In 1852, on the hearing of the appeal, this court reversed the decision of the chancellor, and reinstated the injunction as to so much of the decree as was necessary to pay the judgments, on which garnishments had been issued, and remanded the cause.

After the case was remanded, Mrs. Reagan died, and the appellant Henderson, was appointed administrator *de bonis non,* on Cargill's estate, and the cause revived in his name. Henderson filed a supplemental bill, in which he set up, that the debts paid by Mrs. Reagan, had been originally contracted on the faith of a guaranty, which was deemed binding on the estate, and procured on this bill the injunction to be reinstated as to them.

Garrett's answer denied the equity of the supplemental bill fully, and the testimony taken by complainant, on that branch of the case, failed to establish the guaranty. No other proof appears in the record, except the deed made by Mrs. Reagan to Mrs. Garrett, and a transcript from the Court of Probates, showing the final settlement of Garrett. It did not appear what disposition had been made of the garnishments in the courts in which they were pending. There was no service of process on, or appearance by the garnishing creditors, who were made parties defendant.

In 1857, the bill on final hearing, was dismissed, and the complainant appealed.

*C. S. Tarpley*, for appellants.
*Yerger* and *Rucks*, on same side.

*T. J.* and *F. A. R. Wharton*, for appellees.

HARRIS, J., delivered the opinion of the court.

At the October term, A.D. 1852, of this court, this cause was presented, on appeal from the decree of the chancellor, dissolving the injunction originally granted therein. The decree of the chancellor was then reversed, and the injunction reinstated, so far as the same relates to the judgment in the Probate Court of Hinds county, in favor of said Garrett v. Cecilia Reagan, as administratrix of William Cargill, deceased, for $2330.75; and so far as the same relates to certain garnishments against the said Cecilia, founded on judgments against the said Garrett, and intended to reach this amount due said Garrett, in the hands of said Cecilia.

The said Cecilia having died, and the said suit having been revived in the name of the said Lawson F. Henderson, as administrator *de bonis non*, on the estate of Cargill, the same is now submitted, on appeal from a decree of the Superior Court of Chancery, dismissing the bill.

Under the view taken of this case, in the opinion delivered in this court in 1852, retaining the injunction, as before stated; so far as the same related to the judgment in favor of Garrett, and the garnishments against the representative of Cargill, and without committing ourselves as to some of the positions then assumed, we do not see upon what principle the bill could be wholly dismissed, regarding that opinion as the law of this case.

The main object of the bill, was to restrain Garrett, the appellee, from collecting his judgment or decree, rendered in the Probate Court of Hinds county. It alleges, that appellee qualified jointly with the said Cecilia, widow of said Cargill, as administrator on his estate. That the said Cecilia conveyed to the wife of Garrett, the appellee, a tract of land as compensation for his services as such administrator. That becoming dissatisfied, she prevailed on appel-

lee to resign his trust; but that, in violation of his original agreement, appellee claimed his commissions as administrator, which were allowed him by the Probate Court, in the decree already mentioned.

Independent of other considerations which might be invoked, as appearing on the face of the bill to dispose of this branch of the case, the deed conveying the tract of land to Mrs. Garrett, purports to be founded on the consideration of ten dollars, affection, and friendship; and, so far as the bill seeks a cancellation of this deed, or to enforce the agreement set up as the *real consideration* of said deed, or to have the said judgment in the Probate Court satisfied, it will be sufficient to say, that the answer denies every allegation in the bill setting up any agreement in relation to payment, or settlement of his commissions, either before or since said decree. There being no proof in the record, save the deed itself, to support these allegations, so far as this purpose of the bill is concerned, it was properly dismissed.

The bill, however, further alleges, that appellant has been garnisheed by judgment creditors of the said appellee, naming them specifically, and prays, that said judgment creditors and the said Garrett may be required to interplead, that an account be taken, and the amount ascertained to be due on said judgments be decreed to be paid to the plaintiffs therein, and the said Garrett be perpetually enjoined from collecting the amount so decreed, from appellant, and for general relief.

The answer admits the existence of these several judgments against the appellee, as stated; admits the issuing of the garnishments, and that they are still pending against appellant; and sets up no valid defence against the relief sought, in this aspect of the bill.

The decree of the chancellor below, seems to have been made upon a regular submission of the case, upon bill, answer, and proofs, and upon consideration of the merits involved. The case is presented to us, in the same manner. Overlooking, therefore, mere technical difficulties, as waived by both parties, and regarding the former opinion delivered in this case, as settling the right of appellants to the relief sought, unless the defendant could gainsay the same, the decree of the chancellor so far as it dismisses ap-

pellant's bill, as to said judgment in the Probate Court, and the said garnishments against appellee, must be reversed, and cause remanded for further proceedings.