### W. M. SMITH v. J. C. SMITH ET AL.

#### No. 2760.

**Injunction—Costs.**—One who seeks to enjoin the collection of a judgment, even for causes which would entitle him to relief from paying a part of the amount adjudged against him, must, in order to entitle himself to the writ, pay off or tender payment of so much of the judgment as under the averments of the petition equity can not relieve against.   For facts see opinion.

APPEAL from Camp.    Tried below before Hon. Felix J. McCord.
The opinion states the case.

*King & Eddins,* for appellant.—There was equity in plaintiff's petition in that he owned, in conjunction with one McWaters, a judgment against the said W. L. Morris, and that the said Morris had been insolvent ever since the 31st day of January, 1887, and Smith had no opportunity to plead the Dean & Holman judgment in offset to the one that W. L. Morris obtained against him, as he was the plaintiff in the case and did not know of course that judgment would be rendered in favor of the defendant; and the transferring of the judgment by Morris to his attorney A. S. Zachary could not affect the rights of W. M. Smith.   14 Texas, 255, 476.   The general rule that setoffs must be mutual and due in the same right is subject to an exception when the party against whom the setoff is pleaded is insolvent.   12 Texas, 71; 1 Ct. App. C. C., arts. 689, 1179.

*A. S. Zachary,* for appellees.

STAYTON, CHIEF JUSTICE.—On January 31, 1887, Dean & Holman recovered a judgment against W. L. Morris, J. R. McWaters, and appellant for $66.30.

It does not appear in that judgment that appellant and McWaters were sureties for Morris, but appellant in his petition alleges that this was true, and that since the judgment was rendered he and McWaters have paid it.

On October 2, 1888, appellant brought suit against Morris on account to secure $85, which resulted in a judgment in favor of Morris for $11, and costs were also adjudged to Morris, which seem to amount to $175.86, this embracing jury fees amounting to $90.25.

A short time after this judgment was rendered Morris transferred it to Zachary, who caused an execution to issue for its enforcement, which was levied on a tract of land.

This suit was brought to enjoin the enforcement of that judgment.

The petition sets out the rendition of the judgments referred to, and alleges the transfer to Zachary, who knew of the insolvency of Morris and of his indebtedness to appellant, for the fraudulent purpose of preventing appellant from collecting the sum which he had paid as surety for Morris.

Zachary moved to dissolve the injunction on the ground that the petition did not show any equity entitling appellant to injunction, and on the further ground that he had filed an answer under oath, in which he had denied that there was any fraud in his purchase of the judgment from Morris.

The motion was sustained and the bill dismissed.

In this we think there was no error.

The strongest case appellant's pleading makes is, that Morris is and has been insolvent; that as surety for Morris he paid some money on the judgment in favor of Dean & Holman—how much the petition does not say; but if he paid half of that judgment it would not be more than $33.15, with interest from January 31, 1887, besides some cost.

On the other hand, he shows that Morris recovered a judgment against him for $11, besides costs, which amounted to $175.86, and asks that the collection of the entire judgment be enjoined without paying what he shows is justly due if he be allowed full credit for money paid as surety for Morris.

The fact that Zachary may have purchased the judgment against appellant does not defeat his right to have credit thereon equal to the sum he may have paid as surety for Morris, if the costs in fact do not belong to other persons than Morris or his assignee.

The costs, however, must be collected through the execution, and appellant seeks not only to enjoin a sale under that, but also to enjoin the enforcement of the judgment in any manner.

This he had no right to do, and if he desired relief should have paid or offered to pay so much of the judgment as was in excess of his claim against Morris.

The petition does not show what sum appellant paid as surety for Morris, nor does it show what beneficial interest Morris or his assignee has in the costs incurred in the cause in which judgment was rendered against him.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered December 13, 1889.