## C. A. STAGG'S HEIRS v. W. R. PILAND ET AL.

Decided January 17, 1903.

**1.—Exempt Property—Crops on Homestead—Garnishment.**

Crops growing upon the homestead do not lose their exempt character by virtue of being severed from the soil and gathered under a writ of garnishment wrongfully levied thereon.

**2.—Same—Offset—Judgment.**

A judgment can not be offset against a claim for the proceeds of exempt property wrongfully converted, as this would render the exemption laws ineffective.

**3.—Same—Offset—Unliquidated Damages.**

Where the action is one of tort for the conversion of exempt property, it is for unliquidated damages, and a judgment can not, under the statute, be pleaded as an offset to plaintiff's claim. Rev. Stats., art. 754.

Appeal from the County Court of Parker. Tried below before Hon. F. O. McKinney, Special Judge.

*McCall & McCall* and *Martin & Smith,* for appellants.

SPEER, ASSOCIATE JUSTICE.—We adopt the trial court's findings of fact, which are as follows, to wit:

"1. I find that prior to the year 1900 Mrs. C. A. Staggs owned a tract of land in Parker County and resided on and occupied same a as home, she being a widow with several minor children, and the head of a family; that in the latter part of 1899 she rented said place to defendant Piland for the year 1900, and vacated same to Piland, but she did not permanently abandon same, but same continued to be her homestead up to the time of her death. By the terms of the rental contract said Staggs was to have one-third of the corn and hay and one-fourth of cotton raised on the place, Piland to gather the corn and gather and sell the cotton and pay her one-fourth of the money.

"2. In December, 1899, defendant Braselton recovered a judgment for $295 against said C. A. Staggs in the County Court of Parker County, which is still unpaid except as to part paid by Piland as hereinafter explained.

"4. On June 14, 1900, defendant Braselton sued out a writ of garnishment on said judgment against said Piland as garnishee, which writ was served on same day. The garnishee filed his answer in obedience to said writ on September 1, 1900, setting up his rental contract, and that the rents were on hand; that plaintiff Mary Reynolds and her husband were asserting some claim to the rent, and asking that they and said C. A. Staggs be made parties to the garnishment suit, and that he be protected.

"5. On September 3d, thereafter, the court rendered judgment against the garnishee on this answer, refusing to require plaintiff in the garnishment to bring in the claimants, and directing the garnishee to

gather and sell the crops and pay the proceeds to the clerk of that court to be credited on Braselton's judgment.

"6. Within two days after this judgment, and during the term of court, Mrs. Mary Reynolds and Mrs. C. A. Staggs filed a petition in the said garnishment case, Mrs. Staggs claiming that the crops garnished were exempt to her, and Mrs. Reynolds claiming that she had a mortgage on the rents to the amount of $152, and they asked the court to set aside the garnishment judgment and permit them to intervene and litigate their rights in the property. This petition and motion were denied, but on what ground, or what evidence, if any was introduced, was not made to appear on this trial. No further proceedings were had in the garnishment case, neither party appearing.

"7. When the garnishment was served on Piland all the crops on the Staggs place were growing, and at the time he answered on September 1st, a part of the corn and part of the cotton had been gathered, but the evidence does not show how much was still unsevered. Piland, in pursuance of said garnishment judgment, gathered said crop and applied same to the Braselton judgment, selling the cotton and applying the proceeds, amounting to $88.60, and delivering the corn and hay direct to Braselton, which amounted to $42.55. The total value of the rents so applied was $131.15, which I find to be the value of all the rents from the Staggs farm for 1900.

"8. The affidavit for garnishment was defective, and said proceedings were subject to quashal by motion had such motion been made in that proceeding, for this, said affidavit stated that plaintiff's debt was just and due, and that C. A. Staggs had not in her possession within the knowledge of plaintiff (Braselton) property within this State subject to execution subject to make the debt, and other formal allegations stating amount of debt; the writ of garnishment recited that Braselton had made affidavit that he had a judgment against C. A. Staggs, etc. No affidavit that Braselton had a judgment against C. A. Staggs was filed by Braselton.

"9. Mrs. C. A. Staggs died pending this suit, on May 13, 1901, and on suggestion of her death the present plaintiffs were permitted to make themselves plaintiffs and to prosecute this suit, and plaintiffs are the heirs and only heirs of said C. A. Staggs.

"10. C. A. Staggs originally filed this suit on October 27, 1900, against defendant Piland alone for herself and for the use of plaintiff Mary Reynolds, who she alleged had a mortgage on the rents in controversy. J. W. Braselton was made defendant on December ——, 1901.

"11. I find that said C. A. Staggs left no property except her exempt homestead and personalty (excepting the claim in controversy); that she was a widow, and had two minor children at the time of her death, both boys, one of whom lived with her all the time up to her death, and the other occasionally, being part of the time at work away from home. She did not live on the homestead after renting it to

Piland, nor did she keep house, but lived with her children. The evidence does not show whether there are any other debts than Braselton's judgment against the estate of C. A. Staggs. It did show that the debt sued for herein is the only asset of said estate subject to the demands of creditors. Braselton's judgment amounts to more than the rents sued for, and said estate is insolvent.

"12. Plaintiff Mrs. Mary Reynolds produced in evidence a mortgage executed by said Mrs. C. A. Staggs for $152 on the rents in controversy, dated January 11, 1900, filed for record in the county clerk's office January 17, 1900, reciting the consideration to have been paid out of the separate estate of said Mary Reynolds. I find that said mortgage was fictitious, and that it was made for the fraudulent purpose of defeating Braselton in the collection of his judgment. If the evidence offered to establish said mortgage were sufficient for that purpose, it also shows that the same was not the separate property of Mary Reynolds, but was the community property of herself and husband Baldwin Reynolds."

The court found as a matter of law that "the rents sued for having been severed, and having lost their exempt character while still rightfully in Piland's hands, and before they were applied to Braselton's judgment, the claim of plaintiffs' therefor is subordinate to the rights of Braselton thereto as a creditor of said C. A. Staggs' estate; and the debt herein sued for being the only claim due to said estate, and the judgment of defendant Braselton being the only debt shown by the evidence to be due by said estate, I conclude that the two debts ought to be offset one against the other. Hence I render judgment for the defendants."

We are unable to assent to this judgment. The crops growing upon the homestead of C. A. Staggs were exempted by law from every species of execution, and did not lose their exempt character simply because they were reduced to a nonexempt state by the appellees after being unlawfully impounded by them. They will not be permitted to profit by their own wrongful conduct.

The property converted being exempt, it was error to permit appellees to offset the judgment of Braselton against a claim therefor. This would render the exemption laws ineffective. Moore v. Graham, 29 Texas Civ. App., 235, 69 S. W. Rep., 200. Besides, this judgment was not pleaded in offset and could not for that reason have availed appellees anything. Rev. Stats., art. 751. The claim actually pleaded in offset was one by Piland for money paid to Braselton for the use and benefit of C. A. Staggs, in the sum of $125.15, and for repairs and work in the sum of $56. This money paid to Braselton was not at the instance or request of Mrs. Staggs, and not being bound by the garnishment judgment which directed its payment, the transaction amounted to nothing short of a conversion of her rents. This suit then being for a tort, for unliquidated damages, the offset pleaded was improper. Rev. Stats., art. 754.

The trial having been before the court, and all material facts having been found by him, it becomes our duty on reversing the cause to render the proper judgment here. It can make no difference to appellees whether the Reynolds mortgage is fictitious or not, since in no event can their claims be offset against the judgment here rendered. It is therefore ordered that the judgment of the County Court be reversed and here rendered for the appellants against the appellees jointly and severally, for the sum of $131.15.

*Reversed and rendered.*