### BARCUS v. O'BRIEN et al. (No. 711.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1914. Rehearing Denied Dec. 5, 1914.)

1. GARNISHMENT (§ 133*)—CLAIMS BY THIRD PERSONS—INTERPLEADER.

A garnishee, in order to protect himself from having to pay the debt twice, may interplead all claimants of the fund in his hands.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 262; Dec. Dig. § 133.*]

2. EXECUTION (§ 171*)—EQUITABLE RELIEF—INJUNCTION — GARNISHMENT IN ANOTHER COURT.

Where a debtor against whom final judgment had been rendered in the district court was garnished in an action in the county court against his judgment creditor and filed his answer in the county court setting up the fact that another was claiming an interest in the district court judgment as assignee, he might have the collection of the judgment by the assignee enjoined by the district court until the right to the fund had been settled in the county court, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizing injunctions in cases where the applicant shows himself entitled to such relief under the general principles of equity.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

3. GARNISHMENT (§ 44*)—PERSONS SUBJECT—JUDGMENT DEBTORS.

A defendant against whom a judgment which is final has been rendered is subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 90; Dec. Dig. § 44.*]

4. JUDGMENT (§ 449*)—EQUITABLE RELIEF—GARNISHMENT IN ANOTHER COURT—TENDER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4647, providing that no injunction shall be granted to stay a judgment except so much thereof as the complainant shall show himself equitably entitled to be relieved against, a judgment debtor who had been garnished in an action against his creditor could not ask to have the enforcement of the judgment against him by an assignee restrained pending the outcome of the other action, unless he tendered into court the difference between the amount of the judgment and the amount of the claim in the garnishment proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 852, 853, 871; Dec. Dig. § 449.*]

5. GARNISHMENT (§ 44*)—EQUITABLE RELIEF—FINAL JUDGMENT.

Where a judgment debtor gave notice of appeal, but did not file an appeal bond, and thereafter abandoned the appeal, and the creditor had secured the issuance of an execution thereon, the judgment was final so as to authorize garnishment against defendant therein.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 90; Dec. Dig. § 44.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Suit for injunction by W. O. O'Brien against G. W. Barcus and others. Judgment for plaintiff, and defendant Barcus appeals. Reversed and remanded.

G. W. Barcus, of Waco, and Knight & Slaton, of Hereford, for appellant. W. H. Russell, of Hereford, for appellee.

HALL, J. This is an injunction proceeding by appellee O'Brien against appellant, Henry Hicks, and the sheriff of Deaf Smith county, to restrain the collection of a judgment obtained by Hicks against O'Brien, in the sum of $362.22, in the district court of Deaf Smith county, November 10, 1913. After answer filed by Barcus, alleging that he was the owner of the judgment, the injunction was granted. The application for in-

junction states, in substance, that the judgment had been transferred to appellant Barcus; that Barcus and Hicks had obtained an execution and were threatening to levy upon the property of O'Brien; that O'Brien had been garnished by the First National Bank of Hereford, said garnishment based upon a judgment obtained by said bank in the county court of Deaf Smith county against Henry Hicks; and that a balance remained unpaid thereon of $129.90, with costs and interest. The prayer was for an injunction preventing the collection of said judgment until it could be ascertained in the county court of Deaf Smith county to whom said judgment belonged.

[1] The holding in Dobbin v. Wybrants, 3 Tex. 457, is to the effect that the plaintiffs in a garnishment proceeding, who had recovered a judgment against defendant, should have been made parties to the suit upon the note and the judgment in garnishment enjoined until it is ascertained to whom the debt is due. We find the same holding in Iglehart v. Moore, 21 Tex. 501, and Iglehart v. Mills, 21 Tex. 545. The doctrine is too well established in this state to require further citation of authorities that a garnishee, in order to protect himself from having to pay the debt twice, is entitled to interplead all claimants of the funds in his hands.

[2] The first proposition submitted by appellant is that the district court has no right or authority to enjoin the collection of a judgment in the district court pending a settlement of an entirely different suit in the county court, and we are cited to the case of Foy v. East Dallas Bank et al., 28 S. W. 137, to sustain the proposition. In that case Lightfoot, Chief Justice, said:

"The sixth assignment complains that the court considered the proceedings in the case of E. A. Allen & Bro. against M. A. and E. F. Archibald and J. E. Lett, garnishee, pending in the county court, and suspended the judgment obtained by appellant until said cause was finally determined. It was shown that said E. A. Allen & Bro. had brought suit in the county court against the Dallas Grocery Company and had garnished the appellee bank, and that it had filed an answer in said cause. The bank could have interpleaded E. A. Allen & Bro. as it did the other litigants, and required them to come in and settle the question of their rights, but did not do so, and they are in no sense parties to this suit. The court erred in suspending the judgment obtained by appellant until the county court case could be disposed of, and in this respect the judgment below should be reformed. The remedy of the bank for its protection is clearly pointed out in the authorities cited under the first assignment above."

[3] The authorities cited under the first assignment and referred to by Judge Lightfoot hold that a stockholder may require claimants to the fund to interplead. As we construe it, the holding of Judge Lightfoot is that, if the bank had interpleaded Allen & Bro. in the county court suit, it would have been entitled to the relief asked. In the instant case O'Brien has answered in the gar-

nishment proceedings in the county court setting up the fact that appellant Barcus is claiming some sort of an interest in the judgment by reason of a transfer from Hicks and praying that Barcus be required to interplead. It is settled law in this state that a defendant in a judgment which is in every sense final is subject to garnishment. Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28; Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852; Waples Platter Grocer Co. v. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353.

We agree with appellant that the county court could not have enjoined the issuance and levy of the execution based upon the district court judgment; but we think the garnishee, in order to save himself from a double judgment, had the right to ask the district court to stay the collection of its judgment until the question of the right to the fund had been settled in the county court. Henderson v. Garrett, 35 Miss. 554; Preston v. Harris, 24 Miss. (2. Cush.) 247; Morgan v. Peet, 8 Mart. (N. S. La.) 396; Weems v. Jennings, 2 Brev. (S. C.) 92; Paxson v. Sanderson, 8 Leg. Int. (Pa.) 54; Skipper v. Foster, 29 Ala. 330, 65 Am. Dec. 405; Montgomery Gaslight Co. v. Merrick & Sons, 61 Ala. 537; Rieden v. Kothman (Civ. App.) 73 S. W. 425.

We think under the liberal provisions of article 4643, Vernon's Sayles' Civil Statutes, the case generally as presented is one entitling the applicant to equitable relief; but we agree with appellant that the application is in some respects deficient.

[4] Article 4647 provides that no injunction shall be granted to stay any judgment or proceedings at law except so much of the recovery or cause of action as the complainant shall in his petition show himself equitably entitled to be relieved against and so much as will cover the costs. We think this article applicable to this case. The application for injunction shows that the district court judgment sought to be enjoined is in the sum of $362.22, and that the balance of the judgment in the county court against Hicks is only $129.90, with 10 per cent. interest from June 12, 1912, and costs in the sum of $27.40. There is no tender of the amount over and above the total sum due as principal, interest, and costs of the county court. This should be done. Smith v. Smith, 75 Tex. 410, 12 S. W. 678; Twichell v. Askew, 141 S. W. 1072; Shannon v. Hay, 153 S. W. 360.

[5] Appellant contends that, because 12 months has not expired since the date of the district court judgment against O'Brien, it is not such a final judgment as will permit a garnishment against the defendant therein. The application shows that, although notice of appeal was given, no appeal bond was ever filed, and it is alleged that the applicant, O'Brien, had no intention of prosecuting this appeal, but had abandoned it. Appellant has

himself furnished us the best evidence of its finality by the issuance of an execution thereon. The other propositions presented are overruled.

Because of the insufficiency of the petition, the judgment is reversed, and the cause remanded, with instructions to the judge of the district court of Deaf Smith county to dissolve the injunction and make such orders as the nature of the case and the rights of the parties demand.

Reversed and remanded.