JAMES McCORD CO. v. REA et al.
(No. 8176.)

(Court of Civil Appeals of Texas. Ft. Worth. May 8, 1915.)

1. EXECUTION ☞172 — INJUNCTION — DEFAULT.

In a suit to enjoin a sheriff and a judgment creditor from levying on property under execution, the sheriff's default did not entitle plaintiff to judgment, for the sheriff was not a real party in interest.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ☞172.]

2. PLEADING ☞205—ANSWER—CONCLUSION OF PLEADER.

In a suit to enjoin a levy under a writ of execution, the defendant's answer set up that his judgment was obtained against plaintiff for unlawfully levying upon and selling exempt property, that defendant had placed a writ of execution in the hands of the sheriff, and that, if plaintiff was permitted to offset its judgment against defendant, the exemption statutes would be held for naught, and that an injunction was sought only for delay. Held that, while the answer was not full, it was not, on general demurrer, bad as stating only the pleader's conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. ☞205.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. JUDGMENT** ⬦⟿883—OFFSET OF JUDGMENTS —RIGHT TO.

Where a judgment creditor levies upon and sells exempt property, and the debtor recovers a judgment, the creditor cannot, as against such judgment, offset his own judgment, for that would destroy the effect of the exemption laws.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. ⬦⟿883.]

**4. PLEADING** ⬦⟿205—ANSWER—SUFFICIENCY.

Though an answer was defective, and the pleader might, on appropriate exceptions, have been required to make it more certain, yet it may be sufficient as against a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. ⬦⟿205.]

**5. EVIDENCE** ⬦⟿332 — RECORD OF JUSTICE'S JUDGMENT.

Except in certain cases enumerated in Vernon's Sayles' Ann. Civ. St. 1914, art. 2327, pleadings both in the justice's court and in the county court on appeal may be oral or in writing. Article 2302 makes it the duty of the justice to keep a civil docket in which he 'shall enter a record of suits filed, with a brief statement of the nature of plaintiff's demand; while article 2396 requires the justice upon appeal to make it an accurate copy of all entries made on his docket, and to transmit the same, with a certified copy of the bill of costs taken from his fee boook, to the county court. Article 758 declares that in cases brought from the justice's court, where no pleadings were filed below, none shall be necessary in the county court, the issues being made up under direction of the court, and article 759 authorizes either party to set up by written pleadings new matter which was not presented in justice's court. In a suit to restrain the levying of execution under a judgment in an action begun in justice's court, and appealed to the county court, the defendant asserted that the judgment was recovered on account of plaintiff's unauthorized levying upon and sale of exempt property. To prove this allegation, the judgment rendered in justice's court was offered in evidence, but it was not shown whether the pleadings either in the justice's court or in the county court were oral or in writing, or that the issue tried in the county court was the same as the one disposed of by the justice. Held that, while the justice's judgment is part of the record in the county court on appeal to that tribunal, it cannot serve as a pleading to either party, nor can it be treated as a part of the record of the pleadings and judgment of the county court any more than the bill of costs.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. ⬦⟿332.]

**6. EVIDENCE** ⬦⟿178 — BEST AND SECONDARY EVIDENCE.

In such case the pleadings if written are the best evidence of their contents, but, if lost or destroyed, the judgment may be received to establish their contents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 580–594; Dec. Dig. ⬦⟿178.]

**7. JUDGMENT** ⬦⟿951—EVIDENCE—ISSUES.

In such case, where the pleadings in the county court presented two phases, the justice's judgment is admissible to show the issue determined by the county court's judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. ⬦⟿951.]

**8. JUDGMENT** ⬦⟿951—EVIDENCE—PRESUMPTIONS—INFERENCES.

As proof of an issue cannot be made by basing inference upon inference, and this rule applies to a proof of the plea of res judicata, the justice's judgment is not admissible to show

the basis of the claim in county court, it being necessary to infer that judgment was rendered upon a pleading making the same claim for damages, that this pleading was presented in the county court, and on submission to the jury verdict was rendered thereon.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. ⬦⟿951.]

Appeal from District Court, Tarrant County; M. H. Brown, Judge.

Action by the James McCord Company against W. M. Rea and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Slay & Simon and Theodore Mack, all of Ft. Worth, for appellant. Morris Rector, of Ft. Worth, for appellees.

BUCK, J. This suit was instituted in the Sixty-Seventh district court of Tarrant county by appellant against W. M. Rea, sheriff of Tarrant county, Tex., and W. M. Breckon, for an injunction to restrain the said Rea, as sheriff, from making a levy upon the property of said appellant under an execution issued out of the county court of Gaines county, Tex., upon a judgment obtained in said county court by the said W. M. Breckon against the said James McCord Company for the sum of $181, with interest and costs, and to restrain and enjoin defendant Breckon from collecting or attempting to collect his said judgment against the appellant until a certain judgment obtained in the county court of Tarrant county by James McCord Company against W. M. Breckon for the sum of $358.44, with interest and costs, had been satisfied. Plaintiff further prayed that it be permitted to offset the judgment against it and in favor of the defendant Breckon with its judgment against Breckon, alleging that Breckon was insolvent, and that the plaintiff had therefore, and was at the time of the suit, unable to make its said judgment, or any part thereof, out of the said Breckon; that plaintiff had had execution issued on said judgment, and the same had been returned "nulla bona"; that defendant Rea was threatening and was about to levy upon the personal property of plaintiff under said execution issued out of the county court of Gaines county, and was about to sell plaintiff's property to satisfy the judgment aforesaid, etc.

Defendant Breckon answered: First, by setting up the judgment obtained by him against plaintiff in the county court of Gaines county in the sum of $181, with interest and costs; second, that said judgment was obtained against the plaintiff and J. M. Coker, sheriff of Gaines county, for damages for "unlawfully levying upon and selling exempt property"; third, that said defendant had placed in the hands of W. M. Rea, sheriff of Tarrant county, an execution issued on the judgment aforesaid, and that, if the plaintiff was permitted to offset its judgment

against the defendant Breckon, "then the exemption statutes of the state of Texas would be held for naught, and would afford no protection, and would be of no avail"; fourth, that the injunction was obtained solely for the purpose of delay. Wherefore defendant prayed that the injunction theretofore granted be dissolved, and that the defendant Breckon be allowed his damage, etc. Upon a hearing the defendant Breckon's motion to dissolve was granted, and it was ordered that plaintiff take nothing by way of an offset against the defendant Breckon, and that both defendants Breckon and Rea recover their costs. Defendant Rea filed no answer.

Appellant's first assignment of error is directed against the action of the trial court in refusing to render judgment in its favor perpetuating the temporary injunction theretofore granted, because, as urged therein and limited by its first proposition thereunder, the suit being primarily against the sheriff to restrain him from making the levy, his failure to answer entitled appellant to the judgment perpetuating the injunction prayed for, as against Sheriff Rea.

[1] We do not think the contention is sound. The injunction was primarily against the judgment creditor, Breckon, and only incidentally against the sheriff, who was the instrumentality through which the judgment creditor was seeking to have his remedy enforced. The sheriff had no personal interest in the judgment, to satisfy which the levy upon and sale of appellant's property was sought. He was merely the agency of the law upon which the defendant Breckon was forced to rely to collect his judgment. If the law were as contended by appellant, then in an injunction suit, in which the sheriff was made a party and wherein the sheriff failed to answer, the real party at interest, in this case the judgment creditor, would be precluded from asserting his rights or having them enforced by a court of competent jurisdiction, because of the omission to file an answer by the officer over whom he had no control. Such a construction of the law would be, in our opinion, illogical and unreasonable. The assignment is overruled.

[2-4] In its second assignment appellant urges error to the action of the court in failing to sustain its general demurrer to defendant Breckon's first amended answer, for the reason, as contended in its proposition under this assignment:

"When the answer fails to set forth any facts showing a defense to the cause of action, but merely states the conclusion of the pleader that the judgment was obtained for wrongfully levying upon and selling exempted property, without setting forth such facts as would show the exempt character of the property levied upon, a general demurrer should be sustained."

And in its third assignment complaint is made of the failure of the court to sustain plaintiff's special exception directed to paragraph 2 of defendant Breckon's amended answer, which reads as follows:

"That said judgment was obtained against J. M. Coker, the James McCord Company, and others for damages for unlawfully levying upon and selling exempt property."

These two assignments will be discussed together, as also the fourth assignment, which complains of the failure of the trial court to sustain a special exception directed to paragraph 5 of defendant's amended answer, which reads:

"That, if the said James McCord Company is permitted to offset their judgment against this defendant, W. M. Breckon, then the exemption statutes of the state of Texas would be held for naught, and would afford no protection, and would be of no avail."

We do not think that the answer of the defendant is subject to a general demurrer. While it is not as full or as definite in stating the defenses relied on as it might properly be, yet such defense is sufficiently stated, we think, to advise plaintiff of the nature thereof. It is evident from such answer that the defense relied on is that the judgment obtained by the defendant Breckon in the county court of Gaines county was for the levy upon and sale of exempt property, and we believe that would be a good defense of, and a sufficient answer to, the plaintiff's suit for an injunction and prayer that the judgment against the defendant Breckon be permitted to offset the judgment obtained by Breckon against it. The fact that the judgment obtained by the defendant Breckon against the plaintiff was for the unlawful levy upon and sale of exempted property would have constituted a good defense in this action. If a creditor can be permitted to seize and sell under an execution the exempt property of his judgment debtor, and if upon a recovery by such judgment debtor for such unlawful levy and sale the plaintiff in the original action can at the same time hold the proceeds derived from such sale of exempt property, and also plead his judgment against the judgment creditor as an offset against the judgment of the judgment creditor, then, indeed, our exemption laws would become ineffectual in fulfilling the purposes for which they were passed. In an action to recover damages for the wrongful levy upon, or attachment of, exempt property, defendant cannot set off the debt on which the attachment proceedings were based. Wilson v. Manning, 35 S. W. 1079; Craddock v. Goodwin, 54 Tex. 578; Stagg v. Piland, 31 Tex. Civ. App. 245, 71 S. W. 762; Moore v. Graham, 29 Tex. Civ. App. 235, 69 S. W. 200; Dutton v. Mason, 21 Tex. Civ. App. 389, 52 S. W. 651. If one who has unlawfully attempted to subject exempt property to the payment of his debt cannot successfully urge the right of offset in a suit against him by the owner of such exempt property, certainly he cannot do so in an effort to avoid an execution under the judgment obtained by such owner of exempt property.

We do not think that the special exception, to the failure of the trial court to sustain

which the third assignment is predicated, amounts to more than plaintiff's general demurrer. That it would have been admissible for defendant Breckon to have set out in his answer the judgment obtained in the county court of Gaines county we think may be conceded, and that he could have been required so to do, at least in substance, upon proper special exception, in order to avoid the force of said exception, we think also may be conceded, but we do not believe that appellant's special exception invoked the authority of the trial court as to this matter. For the reasons given, appellant's second and third assignments are overruled, and likewise the fourth, which we do not think presents material error, if any.

[5-7] To sustain the allegation by defendant Breckon in the present suit that the judgment rendered by the county court of Gaines county, the collection of which the James McCord Company by the present suit sought to enjoin, was for damages for "unlawfully levying upon and selling exempt property," Breckon, over the objection of James McCord Company, appellant, introduced in evidence a certified copy of the judgment rendered in the justice court in favor of Breckon against the James McCord Company. The grounds of objection so urged by appellant were that the judgment of the justice court constitutes no part of the record of the same case in the county court, and was irrelevant, immaterial, and incompetent to show upon what facts the judgment in the county court was based. The case in which those two judgments were rendered originated in the justice court, and after trial in that court was carried to the county court by appeal. The judgment rendered in the justice court reads:

"In the Justice Court, Gaines County, Texas, Precinct No. 1, March 17, 1913. W. M. Breckon v. J. M. Coker et al. No. 112. On this day came on to be heard the above styled and numbered cause, and plaintiff appearing by attorney, and defendant J. M. Coker appearing for himself, and James McCord Company and sureties, having been duly cited, entered an appearance by written answer in this cause, the cause being submitted to the court to decide, the court, after having heard all the evidence and the law submitted in the cause, is of the opinion that the property, namely, the iron safe, is exempt property under the laws of the state of Texas, and that plaintiff, W. M. Breckon, should recover judgment against J. M. Coker et al., defendants in this cause, for the sum of $181 costs of suit, together with 6 per cent. interest from date of judgment.

"It is therefore ordered, adjudged, and decreed by the court that the property, viz., the iron safe, is exempt property, and that W. M. Breckon, plaintiff, do have and recover against J. M. Coker, sheriff, the sum of $181 costs of suit, together with 6 per cent. interest from date of judgment; and it is further ordered adjudged and decreed by the court that J. M. Coker, sheriff, do have and recover over and against James McCord Company and their sureties, codefendants, the sum of $181 costs of suit, together with 6 per cent. interest from date of judgment, for all of which let execution issue."

The judgment rendered in the county court is as follows:

"In the County Court of Gaines County, Texas, August Term, 1913, Sept. 4, 1913. W. M. Breckon v. J. M. Coker et al. No. 36. This day came on the parties by attorneys, and thereupon came a jury of good and lawful men, who, being duly impaneled and sworn upon their oaths, do say that they find for the plaintiff, W. M. Breckon, and assess his damages at the sum of one hundred eighty-one ($181) dollars, and for all costs of suit. Judgment is accordingly rendered against all the defendants, viz., J. M. Coker, James McCord Company, a corporation of Ft. Worth, Tex., U. M. Simon, W. F. Slay, and E. M. Schenecker, sureties on the indemnity bond, and J. J. Williams and John Haney, sureties on the appeal bond, for said above-mentioned sum, and all costs of suit.

"It appearing to the court from their written answer filed in this court, and their admission in open court, that J. M. Coker, in levying upon the safe of the plaintiff, was acting under instructions of the James McCord Company, a corporation, and that prior to said levy the said James McCord Company, together with U. M. Simon, W. F. Slay, and E. M. Schenecker, executed and delivered to said J. M. Coker an indemnity bond, binding themselves to save the said J. M. Coker harmless from any loss occasioned by said levy and the sale thereupon, and it further appearing to the court that the said James McCord Company, U. M. Simon, W. F. Slay, and E. M. Schenecker have prayed the court to render against them judgment for a like amount in favor of the said J. M. Coker, in case the plaintiff, W. M. Breckon, should prevail in this suit:

"It is therefore ordered by the court that the said J. M. Coker do have and recover of and from the James McCord Company, a corporation, as principal, and U. M. Simon, W. F. Slay, and E. M. Schenecker, as sureties, the sum of one hundred eighty-one ($181.00) dollars, with 6 per cent. interest thereon from the 17th day of March, A. D. 1913, and all costs of suit; for which let execution issue. And it is ordered that the sheriff or other officer executing said execution levy the same, first upon the property of the James McCord Company, as will in his opinion be sufficient to make the amount of judgment, otherwise to levy the same upon so much of the property of the said James McCord Company, principal, and U. M. Simon, W. F. Slay, and E. M. Schenecker, sureties, as will be sufficient, and the clerk directed to make a memorandum of this order upon the execution."

Under our statutes pleadings both in the justice court and in the county court upon appeal from the justice court may be oral or in writing, except in certain instances enumerated in article 2327, which are not pertinent to the present controversy.

By article 2302, Vernon's Sayles' Tex. Civ. Stat., it is made the duty of the justice of the peace to keep a civil docket in which he shall enter a record of suit filed in his court, which, among other things, shall contain "a brief statement of the nature of the plaintiff's demand or claim, and the amount claimed and a brief statement of the nature of the defense made by the defendant, if any."

Article 758, pertaining to trials in the county court of cases brought to that court by certiorari or appeal, provides that:

"When no pleadings have been filed in Justices' courts, and none were necessary, the issues shall be made up under the direction of the court."

And by article 759 it is provided that upon such a trial either party may, by written pleadings, set up any new matter which was

not presented in the justice court, provided no new cause of action is set up by the plaintiff, nor any offset or counterclaim be set up by the defendant which was not pleaded in the justice court. The statute further provides that on appeal from the justice court to the county court the trial in the latter court shall be de novo.

By article 2396 of the statutes it is made the duty of the justice of the peace, upon appeal from a judgment in his court to the county court, to—

"make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of cost taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

One of the purposes of that statute in requiring the judgment of the justice court to be shown in the transcript is to enable the county court to determine whether or not it has jurisdiction to try the case, as the appeal lies only from a final judgment in the justice court. Am. Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; King Collie Co. v. Dunn, 146 S. W. 1007; Wells v. Driskell, 131 S. W. 87.

Another purpose of that requirement is to enable the county court upon the final disposition of the case to tax the costs of the suit in accordance with the requirements of article 2046 of the statutes. At least a majority of us are unable to imagine any other purpose than those mentioned for that requirement.

The copy of the justice court judgment introduced in evidence in the present suit was certified to by the clerk of the county court of Gaines county as a true copy of that judgment appearing in the transcript from the justice court; but no proof was offered of any other matters contained in such transcript from the justice court. Furthermore, there is an entire absence from the statement of facts of any proof offered to show whether or not the pleadings of Breckon or of the James McCord Company, either in the justice court or in the county court, were oral or in writing.

While the judgment of the justice court is properly a part of the record in the county court on appeal to that court, it cannot serve as a pleading for either of the parties in the latter court; nor can it be said to be a part of the record of the pleadings and judgment in the county court, any more so than the bill of costs shown in the transcript, and which was also a part of the record. If the pleadings of Breckon in the county court were in writing, then they furnish the best evidence of their contents, and secondary evidence of their contents would not be admissible to prove the same in any event, in the absence of any showing that such pleadings were lost or destroyed. 23 Cyc. 1302–1313; James v. James, 81 Tex. 380, 16 S. W. 1087, and authorities there cited. If proper proof had been made of Breckon's pleadings in the county court, and such proof had shown two phases of such pleadings, to either of which the judgment rendered by the county court would be referable, then a predicate would have been established for the introduction of secondary evidence to show the issue really determined by the judgment. 2 Black on Judgments, § 624; Reast v. Donald, 84 Tex. 648, 19 S. W. 795.

[8] It is also a well-settled rule that proof of an issue cannot be made by basing one inference upon another inference. Ft. Worth Belt Ry. Co. v. Helen Jones (Sup.) 166 S. W. 1130; G., C. & S. F. Ry. Co. v. Davis, 161 S. W. 932. And this rule applies to proof of a plea of res judicata. 2 Black on Judgments, § 612; 23 Cyc. 1297. Even though it could be said that the justice court judgment would come within the class of primary evidence of the issue determined by the county court, if admissible at all, still it was incompetent as such primary proof, since, in order to reach that conclusion, it would be necessary to infer: First, that such judgment was rendered upon a pleading by Breckon in that court that the damages were claimed against the James McCord Company for unlawfully levying upon and selling his exempt property; second, that that pleading was again presented in the county court; and, third, that it was submitted to the jury upon the trial in that court by the charge given, and that the verdict was returned upon that issue.

For the reasons indicated above, the majority of us are of the opinion that the court erred in admitting in evidence the justice court judgment, and that plaintiff's fifth assignment of error addressed to that ruling should be sustained. And, as the justice court judgment was the only proof offered to sustain the allegation by Breckon in the present suit that the county court judgment was for damages for unlawfully levying upon and selling exempt property, it follows that appellant's sixth assignment of error, presenting the contention that the judgment rendered in the present suit in Breckon's favor upon the issue just noted was without competent evidence to support it, in the opinion of the majority, must also be sustained, and such judgment reversed, and the cause remanded for another trial.

Reversed and remanded.