## DALLAS JOINT STOCK LAND BANK OF DALLAS v. LANCASTER et al.

### No. 2038.

Court of Civil Appeals of Texas. Waco.

Dec. 1, 1938.

Rehearing Denied Dec. 22, 1938.

660

McCombs, Andress & Johnson, of Dallas, for appellant.

Geo. W. Barcus, of Waco, and W. J. Holt, Asst. Atty. Gen., for appellees.

ALEXANDER, Justice.

This suit involves the question of the right to offset one judgment against another. On the 17th day of July, 1934, the Dallas Joint Stock Land Bank of Dallas recovered judgment in the district court of Dallas county against C. M. Lancaster for debt in the sum of $31,602.70, with foreclosure of lien on land. After the sale of the security the Land Bank held a deficiency judgment for approximately $3,179.22. On the 15th day of May, 1935, Lancaster recovered a judgment in the district court of McLennan county for $3,610. This judgment was obtained in an action for damages for the wrongful issuance and levy of a writ of sequestration in the Dallas county land suit. The recovery was for three items, $822.50 for the value of certain exempt personal property wrongfully sequestrated and converted by the Land Bank, $600 for loss of business as a dairyman resulting from said wrongful sequestration, and $2,127.50 for exemplary damages. See Dallas Joint Stock Land Bank of Dallas v. Lancaster, Tex. Civ.App., 100 S.W.2d 1029. Before Lancaster recovered judgment for his damages resulting from the wrongful sequestration, he assigned an undivided one-half interest of the recovery to his attorneys, Barcus and Holt, as their fee for the prosecution of the suit. On the 29th of July, 1936, Lancaster assigned the other one-half of said judgment to Early Grain & Seed Company in settlement of an old account. Said assignee had no knowledge of the prior judgment in favor of the Land Bank. Dallas Joint Stock Land Bank of Dallas filed this suit against Lancaster and his assignees, and tendered into court the sum of $1,049.85, the difference between the two judgments, to be divided equally between Barcus and Holt on the one hand and Early Grain & Seed Company on the other, and prayed for an injunction restraining Lancaster and his assignees from collecting the balance of the judgment recovered by Lancaster. The trial court on final hearing without a jury denied the injunction. The Land Bank appealed.

 The judgment recovered by Lancaster to the extent of $822.60 for the conversion of exempt property could not be offset by the judgment recovered by the Land Bank against Lancaster for ordinary debt. Such procedure would permit the Land Bank to unlawfully seize exempt property and apply the proceeds thereof to the extinguishment of its debt and thereby defeat the very purpose of the exemption laws. 18 Tex.Jur. 853; McCord v. Rea, Tex.Civ.App., 178 S.W. 649; Stephens v. Cox, Tex.Civ.App., 255 S.W. 241; Kiggins v. Henne & Meyer Co., Tex.Civ.App., 199 S.W. 494; Stagg's Heirs v. Piland, 31 Tex.Civ.App. 245, 71 S.W. 762. It is also probably true that the item of $660 recovered for loss of business as a dairyman could not be offset by the judgment held by the Land Bank. The record does not make it clear whether this entire damage resulted solely from the seizure and detention of exempt property or otherwise. There is authority for holding that damages sustained from the loss of business resulting from the seizure and detention of exempt property cannot be offset by an ordinary judgment for debt. Wilson v. Manning, Tex.Civ.App., 35 S. W. 1079. In view of the fact that appellants have not tendered enough to satisfy the amount of the judgment otherwise not subject to offset as hereinafter noticed, we do not deem a decision of this point necessary.

 The one-half of the judgment assigned to Barcus and Holt cannot be offset by the judgment in favor of the Land Bank against Lancaster for two reasons. In the first place, the judgment recovered by the Land Bank and that recovered by Lancaster did not grow out of the same transaction. The Land Bank's action was based on a liquidated demand, while Lancaster's claim was an unliquidated one based on tort. The one could not be offset against the other until the tort action had been liquidated by being reduced to judgment. R.S. art. 2017; 38 Tex.Jur. 324. The assignment to Barcus and Holt occurred long before the tort action had been reduced to judgment. Since the right of offset did not exist at the time of the assignment, the right was lost by the assignment. McManus v. Cash & Luckel, 101 Tex. 261, 108 S.W.

800. Barcus and Holt became the owners of a one-half interest in Lancaster's claim prior to the time same was subject to offset by the judgment held by the Land Bank, and their interest is now superior to the right of the Land Bank to demand such offset. Davidson v. Lee, Tex.Civ. App., 162 S.W. 414, par. 3. In the second place, as stated above, Lancaster's claim was an unliquidated one and the two claims did not arise out of the same transaction. Long before Lancaster recovered his judgment, he assigned to Barcus and Holt, as attorneys' fees, a part of his claim in consideration of their agreement to prosecute his suit. If it were the rule that an assignment to an attorney of a part of an unliquidated claim, as an attorney's fee for the prosecution of such claim to judgment, was subject to offset by independent claims held by the defendant against the plaintiff, an attorney could not afford to accept such an assignment in lieu of a fee, and such a plaintiff, if too poor to otherwise employ an attorney, would be unable to establish his claim against the defendant, be his claim ever so just. 2 Freeman on Judgments, sec. 1148, p. 2392.

With reference to the one-half of the judgment assigned to Early Grain & Seed Company, we must presume that this assignment carried with it one-half of each and every dollar recovered, including one-half of the sum of $2,127.50 recovered for the exemplary damages. We know of no reason why funds recovered for exemplary damages should be protected by the exemption laws. Such funds do not represent the value of exempt property nor damages sustained by the owner as the result of depriving him of the use of exempt property. This part of the recovery, so long as it remained in the hands of Lancaster, would have been subject to offset by the judgment held by the Land Bank against Lancaster. A judgment does not possess the qualities of a negotiable instrument, and, as a rule, an assignee thereof takes only such interest as his assignor has, and the interest so acquired is subject to such defenses, legal and equitable, as existed against it in the hands of his assignor. McManus v. Cash & Luckel, 101 Tex. 261, 108 S.W. 800; 26 Tex.Jur. 505. Since this part of the judgment was subject to offset in Lancaster's hands, it is likewise subject to offset in the hands of Early Grain & Seed Company, who purchased the same subsequent to the rendition of the previous judgment in favor of the Land Bank against Lancaster. But even though this part of the judgment was subject to offset, it does not result that the court erred in refusing the relief prayed for. Appellant's action was solely for an injunction restraining any further attempt to collect any part of Lancaster's judgment. The attack was on the entire judgment, less the amount paid into court. Where one sues to restrain the enforcement of a judgment, he must pay or tender into court the amount actually owing before the injunction will issue. R.S. art. 4645; Smith v. Smith, 75 Tex. 410, 12 S.W. 678; Taylor v. American Trust & Savings Bank, Tex. Civ.App., 265 S.W. 727, par. 6; Ripps v. Hermann, Tex.Civ.App., 163 S.W. 1023. Appellant has not tendered or paid into court enough to cover that part of the judgment that is not subject to offset, and the trial court therefore properly denied appellant the right to restrain the issuance of further executions on said judgment.

The judgment of the trial court is affirmed.