**EARLY GRAIN & SEED CO. et al. v.
McCALLUM et al.**

No. 2202.

Court of Civil Appeals of Texas. Waco.

May 11, 1939.

Geo. W. Barcus, Asst. Atty. Gen., and McCraw & Holt, of Dallas, for relators.

Lawther, Cramer, Perry & Johnson, of Dallas, for respondents.

ALEXANDER, Justice.

This is an original application by the Early Grain & Seed Company and others for a writ of prohibition to restrain the Dallas Joint Stock Land Bank and others from interfering with the enforcement of a judgment of this court. The material facts are these: In 1934, Dallas Joint Stock Land Bank recovered judgment in the 101st District Court of Dallas county against C. M. Lancaster for debt and foreclosure of lien. After selling the mortgaged property, the Land Bank held a deficiency judgment against Lancaster for approximately $1,602.70, interest and costs. In 1935, Lancaster recovered a judgment in the 19th District Court of McLennan county against the Dallas Joint Stock Land Bank for the sum of $3,610. This recovery was for three items, $822.50 for the value of certain exempt personal property wrongfully sequestered and converted by the Land Bank, $600 for loss of business as a dairyman resulting from said wrongful sequestration, and $2,127.50 for exemplary damages for wrongful sequestration. This last judgment was appealed to and affirmed by this court. See Dallas Joint Stock Land Bank of Dallas v. Lancaster, Tex. Civ.App., 100 S.W.2d 1029. Thereafter, the Dallas Joint Stock Land Bank sued Lancaster and Early Grain & Seed Company and Barcus and Holt, attorneys, as assignees of Lancaster's judgment in the 19th District Court of McLennan county and tendered into court the sum of $1,049.-85, to be paid one-half to Early Grain & Seed Company, and one-half to Barcus and

Holt, and sought an injunction restraining the issuance of execution for the collection of the balance of the judgment previously recovered by Lancaster on the ground that the Land Bank was entitled to have its judgment offset against Lancaster's judgment. The trial court refused the injunction and upon appeal to this court the judgment of the trial court was affirmed. See Dallas Joint Stock Land Bank of Dallas v. Lancaster, Tex.Civ.App., 122 S.W.2d 659. The Land Bank has now filed another suit in the 101st District Court of Dallas county against Lancaster and the assignees of his judgment and has tendered into court an additional sum of $719.75 to be applied on Lancaster's judgment and is again seeking to enjoin the collection of said judgment on the ground that it is subject to offset by the Land Bank's judgment against Lancaster. The Honorable Claude M. McCallum, judge of said court, has issued a temporary injunction restraining the issuance of execution on Lancaster's judgment pending a trial on the merits. Early Grain & Seed Company and Barcus and Holt, assignees of Lancaster's judgment, have filed in this court an original application for a writ of prohibition to prohibit the Land Bank and its attorneys from further prosecuting the injunction suit now on file in the 101st District Court of Dallas county. The relators also pray for an order directing the Honorable Claude M. McCallum, District Judge, to dissolve the temporary injunction heretofore issued.

The judgment recovered by Lancaster against the Land Bank in 1935 was appealed to and affirmed by this court and became in legal effect the judgment of this court. Any unlawful interference with the enforcement thereof invades the jurisdiction of this court and authorizes the issuance of prohibitory writs to prevent such interference. Hence, this court may determine the merits of defenses urged in the district court against the enforcement of said judgment in order to ascertain whether or not an unlawful attack is being made thereon. Browning-Ferris Machinery Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168, and authorities there cited; Nash v. Hanover Fire Ins. Co., Tex.Civ.App., 79 S.W.2d 182, 183; Yount Lee Oil Co. v. Federal Crude Oil Co., Tex.Civ.App., 92 S.W.2d 493. Likewise, the judgment of the district court of McLennan county denying the Land Bank a right to offset its judgment against Lancaster's judgment was appealed to and affirmed by this court (see Dallas Joint Stock Land Bank v. Lancaster, Tex. Civ.App., 122 S.W.2d 659), and thereby became the judgment of this court, and this court now has the right to issue all necessary writs to protect the observance of that judgment. Id.

A copy of the petition filed by the Land Bank in the 101st District Court of Dallas county, and upon which Judge McCallum issued the temporary injunction restraining the enforcement of Lancaster's judgment, is attached to the original application for a writ of prohibition in this court and is before us for the purpose of determining the merits of the grounds urged for enjoining the enforcement of Lancaster's judgment. In the former injunction suit, it was established that one-half of Lancaster's judgment had been assigned to Lancaster's attorneys, Barcus and Holt, and the other one-half had been assigned to Early Grain & Seed Company. The Land Bank now contends in substance that although it may not be able to offset its judgment against so much of Lancaster's judgment as was assigned to Barcus and Holt, it is entitled to offset against the one-half thereof which was assigned to Early Grain & Seed Company; that the item of $1,049.-85 previously tendered and paid into court by the Land Bank was applied on the portion of the judgment held by Barcus and Holt, and that the present tender of $719.-75 by the Land Bank is sufficient to discharge the balance due Barcus and Holt. It is therefore contended that it is entitled to offset its judgment against the one-half of Lancaster's judgment previously assigned to Early Grain & Seed Company, and consequently Lancaster and his assignees are not entitled to enforce collection of any portion of Lancaster's judgment by execution. There are two reasons why we think this contention is unsound.

In the first place, the tender as made is insufficient in amount. Lancaster's judgment was for $3,610, with interest from May 1935. Barcus and Holt's portion thereof, which admittedly is not subject to offset, amounts to $1,805 and interest. The item of $1,049.85, previously paid into the 19th District Court of McLennan county, as a credit on said judgment, was, according to the terms of the tender, to be divided equally between Barcus and Holt on the one hand and Early Grain & Seed Company on the other. Hence, Barcus and Holt could have received only $524.93, and

if all of the present tender of $719.75 should be paid to Barcus and Holt, their one-half of the judgment would not be fully discharged. Moreover, the item of $822.60 recovered by Lancaster for the conversion of exempt property was not subject to offset by the Land Bank's judgment. Dallas Joint Stock Land Bank of Dallas v. Lancaster, 122 S.W.2d 659. Since one-half of Lancaster's judgment was assigned to Early Grain & Seed Company, presumably that concern acquired one-half of this item, and consequently its one-half of said judgment, to the amount of $411.30, would not be subject to offset by the Land Bank's judgment. Clearly, the Land Bank has not tendered into court a sufficient amount to discharge that portion of the judgment that is not subject to offset by the Land Bank's judgment, and hence the Land Bank is not entitled to enjoin the issuance of further execution on Lancaster's judgment. Smith v. Smith, 75 Tex. 410, 12 S.W. 678.

In the second place, we think the judgment of the 19th District Court, which was later affirmed by this court, denying to the Land Bank the right to offset its judgment against the Lancaster judgment, constitutes a bar to the second suit brought by the Land Bank for the same purpose. It is true that in the first suit the right to offset and to enjoin further execution on the Lancaster judgment was denied mainly because the Land Bank had not tendered into court enough to cover that portion of Lancaster's judgment that was not subject to offset, and it is further true that the Land Bank is now making tender of an additional sum to be applied on Lancaster's judgment, but we do not think this alters the case. The two suits are essentially the same. Each of them was brought for the purpose of offsetting the judgment of the Land Bank against Lancaster's judgment and to enjoin further execution on the latter. If a new cause of action could be created by enlarging the amount tendered, the litigation, merely by raising the amount of the tender ever so little each time, could be extended and carried on indefinitely. Necessarily, there ought to be some end to litigation. Ordinarily, where one, as a condition precedent to the exercise of a right, is required to make a tender, he must determine the amount thereof at his peril, and if he does not tender enough, he loses his right. 62 C.J. 660. He ought not to be permitted to maintain a second suit for the same purpose merely because he has enlarged the amount of his tender. This would be permitting him to split a single cause of action into several suits, which is not permissible. 26 Tex.Jur. 143; Eastland County v. Davisson, Tex.Com.App., 13 S.W.2d 673; Tuerpe v. Geo. Saunders Live Stock Commission Co., Tex.Civ.App., 259 S.W. 649; St. Louis S. W. Ry. Co. v. Moss, 9 Tex.Civ.App. 6, 28 S.W. 1038. Whatever right the Land Bank had to offset its judgment against the Lancaster judgment was litigated in the 19th District Court of McLennan county, and a judgment denying that right was affirmed by this court. The Land Bank has no right to again litigate the same subject matter.

From what has been said, it is apparent that the defenses that are being urged by the Land Bank against the enforcement of the Lancaster judgment are unlawful and this court, in the protection of its jurisdiction in the enforcement of its own judgments, will issue the necessary writs as prayed for by the relators. The relators' application is granted.