ATCHISON, T. & S. F. RY. CO. v. MOORE.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911. Rehearing Denied June 17, 1911.)

APPEAL AND ERROR (§ 512*) — RECORD — CONTENTS—JURISDICTION OF LOWER COURT.

Where the transcript on appeal from the county court contains no statement of plaintiff's demand or the nature of the action, as required by Sayles' Ann. Civ. St. 1897, art. 1579, but only shows judgment in plaintiff's favor for a certain sum, and shows no written pleadings filed by the parties in the justice's court and transmitted to the county court, as required by Sayles' Ann. Civ. St. 1897, art. 1673, nor that it was submitted in the justice's court on an agreed statement of facts, signed by the parties, as provided by Sayles' Ann. Civ. St. 1897, art. 1293, there is no affirmative showing that the county court had jurisdiction to render the judgment appealed from and it will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512.*]

Appeal from Hall County Court; T. R. Phillips, Judge.

Action by J. H. Moore against the Atchison, Topeka & Santa Fé Railway Company and another. Judgment for plaintiff, and

the Atchison, Topeka & Santa Fé Railway Company appeals. Reversed and remanded.

Hoover & Taylor and J. M. Elliott, for appellant. Spencer & Patterson and H. E. Deaver, for appellee.

DUNKLIN, J. The Atchison, Topeka & Santa Fé Railway Company has appealed from a judgment in favor of J. H. Moore. The judgment was rendered against the appellant and the Ft. Worth & Denver City Railway Company, but the latter company has not appealed.

Upon the original hearing of this appeal, the judgment was reversed and the cause remanded, because it appeared that the case originated in the justice's court, and was then appealed to the county court, and the record upon this appeal did not contain any transcript from the justice's court, and therefore it did not affirmatively appear that the county court had jurisdiction to render the judgment. Appellee then moved for a certiorari to correct the record by bringing up a certified copy of the transcript from the justice's court. This motion was granted, and in compliance with the order made thereupon a duly certified copy of the transcript has been filed. That transcript contains no statement of the amount of the plaintiff's demand or the nature thereof, as required by the statute. Sayles' Civil Statutes, art. 1579. It simply shows that a judgment was rendered in the plaintiff's favor against the two railway companies mentioned for the sum of $158.71, but there is no showing therein of the amount sued for, nor the nature of the demand. Neither does the transcript from the county court to this court show any written pleadings filed by the parties in the justice's court and transmitted to and filed in the county court; nor does it show that the case was submitted in the justice's court upon an agreed statement of facts, signed by the parties or their counsel, as provided in Sayles' Civil Statutes, art. 1293. By article 1673, Sayles' Civil Statutes, it is provided that upon an appeal from the justice's court to the county court it shall be the duty of the justice to make out a "true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

The case of Maass v. Solingsky, 67 Tex. 290, 3 S. W. 289, originated in the justice's court, from whence it was appealed to the district court, and from that court to the Supreme Court; and in that case our Supreme Court said: "The cause of action asserted in the justice's court is the only one that can be asserted in the district court on appeal. Where an appeal is taken from any judgment of a district court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript or by an agreed case-made, as the statute permits."

In the case of Ware v. Clark, 125 S. W. 618, this court held, after a full discussion of the authorities, that, unless it affirmatively appears that the court from which the judgment was appealed had jurisdiction to render the judgment, the same would be reversed.

As there is no affirmative showing by any of the statutory methods that the county court had jurisdiction to render the judgment from which this appeal is prosecuted, the judgment against appellant is reversed and the cause remanded, but the judgment against the Ft. Worth & Denver City Railway Company is undisturbed. The opinion rendered upon original hearing is withdrawn.

Reversed and remanded.