## KING COLLIE & CO. v. DUNN et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1912.)

APPEAL AND ERROR (§ 512*) — RECORD — JURISDICTION OF LOWER COURT.

　　Where the record, on an appeal from a judgment of the county court, in a case appealed to that court from the justice's court, did not show that the justice had made a transcript of the record as required by Sayles' Ann. Civ. St. 1897, art. 1673, the judgment must be reversed; it not being apparent that the county court had jurisdiction.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512.*]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by J. T. Dunn and others against King Collie & Company, begun in the justice's court and appealed to the county court. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Mathis & Kay, of Wichita Falls, and P. M. Stine, of Henrietta, for appellant. Denny & Moss and H. A. Allen, all of Henrietta, for appellees.

DUNKLIN, J. This suit was instituted upon an account for $198.14. The account and some of the written pleadings bear the file mark of a justice of the peace, but the judgment from which this appeal is prosecuted was rendered by the county court, while the record before us contains no transcript from the justice's court and no statutory evidence that the suit was appealed to the county court. In their briefs filed here counsel for both appellant and appellees assert that the suit originated in the justice's court; that plaintiff recovered a judgment there for $198.14 less a remittitur of $28.80, which was there filed by the plaintiffs, from which judgment defendants, King Collie & Co., appealed to the county court. If that assumption be true, the record here should contain a transcript from the justice's court of the judgment there rendered and other matters necessary to show jurisdiction in the county court as prescribed by article 1673, Sayles' Civil Statutes. In the absence of such a transcript, it does not appear that the county court acquired jurisdiction to render the judgment from which this appeal is prosecuted. Hence the judgment is reversed, and the cause remanded without reference to the merits of the assignments of error presented in appellant's brief. American Soda Fountain Co. v. Mason, 119 S. W. 714; Ware v. Clark, 125 S. W. 618; A., T. & S. F. Ry. Co. v. Moore, 139 S. W. 608.

Reversed and remanded.