GALVESTON, H. & S. A. RY. CO. v. BROWN. (No. 5462.)

(Court of Civil Appeals of Texas. San Antonio. April 7, 1915.)

1. JUSTICES OF THE PEACE ⟪⟫141—APPEAL—COUNTY COURT—JURISDICTION.

The county court has jurisdiction of an appeal from the justice court involving the sum of $94.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. ⟪⟫141.]

2. APPEAL AND ERROR ⟪⟫512—RECORD—INTERMEDIATE COURTS.

A failure to note the pleadings of the parties upon the docket cannot be taken advantage of to procure reversal of a judgment of the county court rendered on appeal from the justice court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. ⟪⟫512.]

3. CARRIERS ⟪⟫134—CARRIAGE OF PROPERTY—ACTIONS FOR DAMAGES.

Where a shipper is allowed without objection to testify regarding the value of property claimed to have been injured through the carrier's negligence, there is sufficient basis for a judgment, though the statement as to value was not specifically as to the value at destination.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. ⟪⟫134.]

Appeal from Wharton County Court; J. R. Bowen, Judge.

Action by J. O. Brown against the Galveston, Harrisburg & San Antonio Railway Company, begun in justice court and appealed by plaintiff to the county court. From a judgment there for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Proctor, Vandenberge, Crain & Mitchell, of Victoria, and W. L. Hall, of Wharton, for appellant.

MOURSUND, J. We adopt appellant's statement of the nature of the case:

"This suit was instituted in the justice's court, precinct 1, of Wharton county, June 18, 1913, for the sum of $94.50, alleged damages to one car of potatoes shipped from Isanti, Minn., to Wharton, Tex., said potatoes being shipped by Varley-Wolter Company, and consigned to Varley-Wolter Company, at Wharton, Tex. The case was tried in the justice's court December 29, 1913, resulting in a verdict in favor of defendant. The plaintiff appealed to the county court of Wharton county, April 17, 1914, the cause was tried in said court, and a verdict rendered in favor of the plaintiff for the sum of $94.50, with interest thereon at the rate of 6 per centum per annum, from the 23d day of December, 1912, aggregating a total of $101.97."

Judgment was entered in accordance with this verdict.

[1, 2] Appellant submits as a matter of fundamental error that the transcript from the justice's docket is insufficient to show jurisdiction in the county court to render the judgment from which this appeal is prosecuted. There is no merit in this contention. The transcript shows that the suit was for damages in the sum of $94.50 to one car of "spuds." The amount sued for was sufficient to confer jurisdiction upon the county court upon an appeal, and therefore the ruling laid down in the case of Atchison, Topeka & Santa Fé Ry. Co. v. Moore, 139 S. W. 608, does not apply. Aside from the question of the sufficiency of the docket entries to show jurisdiction in the county court, it seems that the failure to note the pleadings of the parties upon the docket cannot be taken advantage of to procure a reversal of the judgment. Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289; M. P. Ry. Co. v. Shipman, 1 Tex. Civ. App. 407, 20 S. W. 952.

[3] Appellant presents two assignments of error attacking the judgment on the ground that the evidence is insufficient to sustain it. In one assignment it is contended that no evidence whatever was adduced showing the market value of the potatoes alleged to have been damaged and that no evidence was adduced showing the quantity of the potatoes damaged. In the other assignment it is contended that the only testimony in regard to the value was that of the plaintiff to the effect that he paid $1.35 per bushel for the potatoes. The testimony is uncontradicted to the effect that 70 bushels of potatoes were frozen and worthless. The plaintiff testified without objection that he paid $1.35 per bushel for the potatoes, that what he paid for them was their value, that the market value was $1.35 per bushel, and that the frozen ones were absolutely worthless. It is true that plaintiff did not state that the market value referred to by him was that existing at the place of destination; but, when the assignments of error are examined, it will be seen that this specific objection to the sufficiency of the testimony was not pointed out in the motion for new trial. It was merely contended that there was no evidence whatever showing the market value of the potatoes, and, as plaintiff had testified that their market value was $1.35 per bushel, the court naturally overruled the motion for a new trial. However, regardless of the defects in the assignments of error, we are of the opinion that when a party is permitted, without objection, to testify in regard to the value of property, as the plaintiff was in this case,

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his testimony furnishes a sufficient basis for the judgment.

The judgment is affirmed.