SCOTT v. BYERS.   (No. 226.)

(Court of Civil Appeals of Texas.   Waco.
June 18, 1925.   Rehearing Denied
Oct. 15, 1925.)

1. Landlord and tenant ☞274(2)—Tenant may recover damages for wrongful levy by landlord under distress warrant.

Where landlord had levied, under distress warrant, on property located on rented premises, but exempt under Rev. St. art. 3785, damages could be recovered by tenant, since article 5490, giving owner lien for rent, provides article shall not affect any act exempting property from forced sale.

2. Landlord and tenant ☞274(7)—Measure of damages under distress warrant is value of goods to owner during delay.

Measure of damages, where landlord wrongfully levied on exempt property under distress warrant, is value of use of goods to owner during delay.

3. Landlord and tenant ☞274(6) — Evidence held sufficient to support jury's findings of damages to tenant for wrongful levy under distress warrant.

Evidence *held* sufficient to support findings of jury for damages to tenant for wrongful issuing of distress warrant by landlord, where tenant testified as to use and value of articles taken, and landlord offered no contradictory testimony.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Suit by Milton W. Scott against George Byers. From the judgment for defendant, plaintiff appeals. Affirmed.

Sam R. Scott, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

BARCUS, J. Appellant rented appellee a residence and filed this suit to recover $495 rent which he claimed appellee was owing. Appellant had issued a distress warrant, which he had executed by the constable taking into his possession certain household furniture and fixtures and office fixtures and an automobile, which were in or on the leased premises; appellant claiming he had a landlord's lien thereon to secure the rent. Appellee answered by general denial and by cross-action, claiming that the property levied on was exempt to him as the head of a family. The cause was tried to a jury, submitted on special issues, and resulted in the jury finding that appellee was due appellant $495 for rent, and that appellee was entitled to damages against appellant in the sum of $500. Upon said findings the court entered judgment in favor of appellee against appellant for $5. The court found that the property levied on was exempt to appellee and ordered same returned to the appellee by the constable.

[1] Appellant contends that appellee was not entitled to any damages, by reason of the distress warrant having been issued and levied on the property located in the residence and on the premises for which the rent was due, because of the provision of article 5490, Revised Statutes, which gives to the owner of a building a lien on all property located in the building to secure the rent. By the terms of said article 5490, it is provided that—

"This article shall not be construed as in any manner repealing or affecting any act exempting property from forced sale."

Under article 3785 of the Revised Statutes, appellee being a married man, all the property levied on by the constable in this case was exempt to him and his family from forced sale, and appellant did not have any lien thereon to secure the payment of rents. Hamberlin v. Aston (Tex. Com. App.) 267 S. W. 684.

[2] Appellant further contends that the charge of the court on the measure of damages was erroneous. The court asked the jury to find the reasonable value of the use or hire of the household and kitchen furniture levied on, the reasonable value of the use or hire of the automobile, and the reasonable value of the use or hire of the office supplies and fixtures, each by separate questions. Appellant's only objection to the measure of damage was:

"Because the issue is not what was the reasonable value of either the use or the hire, but, on the contrary, it would be the reasonable rental value."

Our courts have uniformly held that the measure of damages for withholding household goods is:

"The value of the use of the goods to the owner during the delay." Brown v. Adams, 3 Wilson Civ. Cas. Ct. App. 465; M., K. & T. Ry. Co. v. Clifton (Tex. Civ. App.) 80 S. W. 386; M., K. & T. Ry. Co. v. Dement (Tex. Civ. App.) 115 S. W. 635; P. & N. T. Ry. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318.

[3] Appellant contends that the verdict of the jury with reference to the damages suf-

fered by appellee is not supported by the testimony. Appellee testified in detail as to the articles taken possession of by the constable, and as to their use by and the value of their use to him. There is no complaint in this court that the witness was not qualified to testify. No witness was offered by appellant in any way contradicting appellee's testimony. Without quoting same in detail, we think the evidence is sufficient to support the findings of the jury. G., H. & S. A. Ry. Co. v. Brown (Tex. Civ. App.) 175 S. W. 749.

We have examined all of appellant's assignments of error, and the same are overruled.

The judgment of the trial court is affirmed.