## GREGORY v. REYNOLDS.
### No. 6420.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1949.

Duncan Neblett, of Houston, for appellant.

Shead & Watson, of Longview, for appellee.

HALL, Chief Justice.

Appellee instituted this suit against appellant in the District Court of Gregg County to recover the sum of $1500.00 paid to appellant as part of the purchase price of a carload of galvanized pipe purchased by appellee from appellant, which was never delivered, and for damages for loss of profits occasioned by appellant's failure to deliver said pipe. Appellant answered with several exceptions, one of which was directed to paragraph five of appellee's petition alleging damages for loss of profits, and general denial. Trial was to a jury which resulted in a verdict for appellee. Judgment was entered by the trial court for appellee based upon the jury's verdict for the $1500.00 payment made by appellee to appellant and for an additional sum of $1500.00 as damages for loss of profits.

Appellant's two points are directed to the action of the trial court in entering judgment against him for the sum of $1500.00 damages for loss of profits. It is urged (1) that appellee's pleadings are insufficient to support such claim and that the trial court erred in overruling appellant's exception directed to paragraph five of appellee's petition; (2) that the claim for loss of profits is not supported by evidence; and (3) that the recovery for profits is "excessive and arbitrary and shows prejudice on the part of the jury against appellant."

The record reflects that on August 14, 1947, a salesman representing appellant called upon appellee at his place of business in Longview and by written order sold to appellee a carload of galvanized pipe, ranging in diameter from two inches to one-half inch. Said pipe was to be shipped to appellee during the months of September or October, 1947, during the fourth quarter of that year. On the date of the sale appellee delivered to appellant's salesman his check for $1500.00, which was cashed by appellant and which represented approximately one-fourth of the purchase price of the pipe; the balance of the purchase price to be paid upon delivery of the pipe. The carload of pipe was never shipped.

■ Appellant's answer, as heretofore pointed out, contains an exception directed to paragraph five of appellee's petition wherein he detailed his claim for damages allegedly sustained by him because of the failure of appellant to deliver the carload of pipe as per the written order. There is nothing in the record to show that the trial court took any action with respect to this exception or that it was ever called to the court's attention. Under Rule 90, Texas Rules of Civil Procedure, an exception is deemed waived unless brought to the attention of the trial court (in a jury trial) "before the instruction or charge to the jury * * *." Rule 90, T.R.C.P.; Butler v. Continental Oil Co., Tex.Civ.App., 182 S.W.2d 843. It is our conclusion, based upon the above authority, Rule 90, T.R.C.P., that appellant's exception was waived by his failure to call it to the attention of the trial court.

■ The contention that the jury verdict for damages for loss of profits is not supported by the evidence is without merit. The record shows that appellee is established in the City of Longview, and has been for several years, as a plumbing contractor and dealer in plumbing supplies, among which is galvanized pipe. The record also reflects that galvanized pipe was scarce and hard to obtain by plumbing contractors and hardware dealers, and in great demand. The list or wholesale price of the pipe was established as well as the retail price at which appellee could have sold said pipe in and around the City of Longview. The evidence also shows that forty to sixty per cent of appellee's business was "over counter" and the remainder in plumbing contracting. The record shows a much greater damage for loss of profits than was found by the jury. The evidence is, in our opinion, sufficient to establish appellee's damages for the loss of profits with reasonable certainty, and is sufficient to sustain the jury verdict. In Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W.2d 1097, 1099, Judge Sharp of the Supreme Court, in affirming this court,

Tex.Civ.App., 97 S.W.2d 306, states the rule to be:

"It is impossible to announce with exact certainty any rule measuring the profits the loss for which recovery may be had. The courts draw a distinction between uncertainty merely as to the *amount* and uncertainty as to the *fact of legal damages.* Cases may be cited which hold that uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery. A *party who breaks his contract cannot escape liability because it is impossible to state or prove a perfect measure of damages.*" See authorities there cited. (Italics ours.)

Finding no error in the record the judgment of the trial court is affirmed.