**Joseph MARSHALL, Appellant,**

v.

**Frank HURON et al., Appellees.**

**No. 10267.**

Court of Civil Appeals of Texas.

Austin.

Jan. 5, 1955.

Henry Lee Taylor, San Antonio, for appellant.

George F. Manning, San Antonio, for appellee.

GRAY, Justice.

Appellees, husband and wife, sued Salvador Maldonado and Joseph Marshall to recover $400 paid to Maldonado on a contract to purchase a house owned by Marshall. They alleged that Maldonado represented himself as the agent of Marshall and that the contract "is incapable of being carried out by either plaintiff or defendants."

Marshall filed an answer consisting of a special exception challenging the sufficiency of the pleadings to show agency of Mal-

donado; a denial that Maldonado was his agent and that he did not receive any sum of money paid by appellees. Maldonado filed a general denial.

The evidence shows that the trade was not consummated, appellees demanded a return of the $400, the demand was refused and this suit was filed.

At a nonjury trial judgment was rendered that appellees recover of the defendants, jointly and severally, the sum of $400 and interest from May 1, 1951, at 6 per cent per annum.

Joseph Marshall alone has appealed.

Findings of fact and conclusions of law were not requested and none were filed. There were no specific findings in the trial court's judgment. It merely recited that judgment should be rendered for the plaintiffs.

Appellant's three points are to the effect that: (1) the pleadings are insufficient to allege a cause of action against him; (2) the judgment is contrary to the great weight and preponderance of the evidence, and (3) the trial court erred in excluding the testimony of Frank Huron to the effect that Huron breached the contract for the purchase of the house.

Appellant did not call his special exception to the attention of the trial court and no action was had thereon in the trial of this cause. Under such circumstances the special exception was waived. Rule 90, Texas Rules of Civil Procedure; Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342, error ref., w.m.; Gregory v. Reynolds, Tex. Civ.App., 219 S.W.2d 107. During the trial evidence on the issue of the agency of Maldonado was given without objection by Frank Huron, Maldonado and Marshall. Under this state of the record the issue of agency must be presumed to have been tried by express or implied consent of the parties and it is not necessary for us to examine the sufficiency of the pleadings. Rule 67, Texas Rules of Civil Procedure.

Appellee, Frank Huron, testified that in May, 1951, Maldonado took him to where appellant was repairing a house to see if he liked it; that he did like the house because of the easy terms for its purchase that were offered him; that Maldonado told him the payments would be $400 down and $36 per month beginning ninety days after the purchase; that "they" told him they would fix the house for a total of $2,700; that Maldonado made out a contract which he signed and then gave his check to Maldonado for $400, and that the conversation was all in the presence of Marshall who asked him if he wanted the house papered and painted. He testified that he complained to both Maldonado and Marshall about their failure to comply with the contract, and further

"Q. Did you talk to Mr. Marshall about his failure to do anything? A. Yes. He said, 'As soon as we fix the papers,' that the guarantee of the title, he gave me the excuse that the guarantee of the title seemed to prevent him complying with the contract and as soon as the guarantee went through he would fix the house.'

"Q. Who said that? A. Mr. Marshall. Both of them told me that on several occasions. Then I got tired of it.

"Q. Did Mr. Marshall tell you that? A. Yes, he said, Mr. Marshall told me as soon as the papers were ready he would fix the house.

"Q. Did you ever ask Mr. Marshall to return the $400.00? A. No, I told Mr. Maldonado to return the money.

"Q. Did you ever say anything to Mr. Marshall about it? A. Yes, I told Mr. Marshall *that* return the money, $400.00.

"Q. What did he say? A. He said that they would have to sell the house."

The contract that was signed was written in English and Huron testified he could not read the English language. He said he waited a long time for them to comply with the contract and when they did not he wanted his money back

"  *  *  * because they changed the nature of the transaction and they told me that they wanted me to mortgage, put up my own properties as collateral for a note so I could pay Mr. Marshall in cash to be financed by somebody else."

Maldonado testified that in the transaction with Huron he was agent for Marshall; that he worked for him in selling houses, and that when he made a deal it had to be approved by Marshall.

Appellant denied that Maldonado was his agent; that he sold houses to Maldonado for an agreed price; that Maldonado then sold the houses at whatever price he and the purchaser agreed on, and that Maldonado was a "speculator" buyer. He said he held the house in question for about three months; that it burned; that he then rebuilt it and sold it to another purchaser at a loss of $700, and that he never received any money from Huron.

The chief conflicts in the evidence relate to the issue of agency. These conflicts and others were resolved by the trial court against appellant's contention.

Our statement of the evidence supra shows there was evidence to support the implied findings of the trial court in support of the judgment rendered, and we do not think that the evidence is so overwhelmingly against such findings as to shock the conscience or show such findings to be clearly wrong, for which reason the judgment must be sustained. 3–B Tex.Jur., Secs. 939 and 940, pp. 449–456. McDonald Texas Civil Practice, Vol. 4, p. 1302, Sec. 16.10(d).

Appellant's third point reads:

"The trial court erred in excluding, over objection of defendant, testimony of Huron to the effect that Huron breached the contract for the purchase of the house."

In his "discussion under third point" appellant says:

"Defendant Maldonado testified that the $400.00 paid in by Huron was ap- propriated by him (Maldonado) because Huron 'broke the deal.' Plaintiff objected to such testimony and the court sustained such objection. The testimony was excluded over objection of defendant Marshall. (S.F. 23.)"

The reference to the statement of facts is to Maldonado's testimony. Further we find no similar objection to Huron's testimony.

An examination of Maldonado's testimony shows that in answer to a question inquiring why Huron did not get his money back, Maldonado replied because Huron broke the deal. He was then asked: "Mr. Huron broke the deal?" The witness then answered "That is right. Yes, sir. * * *" At this point appellees objected that the question "is not based on any defensive pleading." This objection was sustained.

The expected answer of the witness is not shown, however, he had already answered the question and we may assume his answer would have been consistent with his previous answer. Frank Huron in his testimony supra had already stated that he refused to go through with the deal. Without weighing the difference in the meaning of "refused to go through with the deal" as testified to by Huron and "broke the deal" as stated by Maldonado we think the question related to an admission already made by appellee Huron. The question propounded did not inquire why Huron "broke" the deal, or what the deal as made was, and the objection sustained did not prohibit inquiry as to such matters. At most we do not think it can reasonably be said that "the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case". Rule 434, Texas Rules of Civil Procedure.

It is our opinion that appellant's points do not present reversible error.

The judgment of the trial court is affirmed.

Affirmed.