Sam B. HILL, Administrator, Appellant,

v.

Annie Mae COOPER et vir, Appellees.

No. 10531.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1957.

Yelderman, Martin & Smith, Austin, for appellant.

Paul T. Holt, Victor B. Rogers, Arthur Mitchell, Austin, for appellees.

ARCHER, Chief Justice.

Suit was instituted by Annie Mae Cooper, a married woman, who was joined pro forma by her husband, to recover for personal services allegedly rendered to Sam T. Hill, now deceased, during the lifetime of Sam T. Hill. Suit was against Sam B. Hill, the administrator of the estate of Sam T. Hill, deceased. Prior to institution of suit a claim in proper form for the alleged services rendered to Sam T. Hill was presented to the administrator and payment thereof was refused by the administrator.

In a trial before the Court without a jury judgment was rendered against the administrator for the full amount of the claim as presented except as to a medical bill upon which no testimony was offered.

The appeal is based on two points and are:

"*Point One:* The court erred in permitting Annie Mae Cooper, over the objection of appellant, to testify that no one had paid her for the services allegedly rendered to Sam T. Hill during his lifetime, the objection being that such testimony was violative of Art. 3716, R.C.S., commonly known as the the 'Dead Man's Statute.'

"*Point Two:* The court erred in finding that the estate of Sam T. Hill was indebted to Annie Mae Cooper in the sum of $1300.00 because such finding has no support in the evidence and is contrary to the evidence."

Mrs. Annie Mae Cooper, one of the plaintiffs, testified without objection that she, her husband and two children moved into and lived with Sam T. Hill at Mr. Hill's residence at 713 West Annie Street, Austin, Texas, on December 21, 1955, and remained there until April 15, 1956; that Mr. Hill was almost helpless and was in a wheel chair and had to have someone with him day and night. This testimony was followed by that of W. C. Hartgrove who testified without objection that he was well acquainted with Mrs. Cooper and her family and also

with Mr. Hill, and had been for several years, and visited Mr. Hill and discussed with him the employment of Mr. and Mrs. Cooper to care for him; that at a later date he visited with Mr. Hill who told the witness that he had employed the Coopers to take care of him, because he was not able to care for himself and would pay them $50 per week; that he did not have the money then but would see that they got it through his estate; that the Coopers cared for Mr. Hill for about six months.

On cross examination Mr. Hartgrove testified that he did not know if Mr. Hill had an income of $250 per month from rental property, or not, but knew Mr. Hill had some rental property and was getting some income, and on redirect questioning the witness testified that Mr. Hill said that he did not have the money to pay the Coopers as he went along.

Mrs. Cooper upon being recalled gave the testimony to which the complaint was made that it violated the Dead Man's Statute as follows:

*"Questions by Mr. Rogers:*

"Q. Mrs. Cooper, during the time that you lived on West Annie and before you moved on West Annie, did you or not ever receive any compensation for the services which were rendered by you and your husband?

"Mr. Yelderman: Just a moment, Your Honor. We object to that, being a transaction with the decedent, prohibited by Article 3716, the Dead Man's Statute.

"Mr. Rogers: I don't think whether this woman received it, certainly doesn't come within the purview of 3716. This is a direct question to this woman as to whether or not she ever got paid for these services.

\*     \*     \*     \*     \*     \*

"The Court: I will let her answer that question, but the objection as to any transaction with Sam T. Hill will be sustained.

"Mr. Yelderman: Now, the statute excludes testimony by either party as to payment of money to decedent or by the decedent.

"The Court: Well, that is right, but he asked her if she had ever been compensated.

"Mr. Yelderman: Would that—Your Honor, that question is of such a nature —now, if he will limit his question to have you ever been paid by anyone other than Sam T. Hill for those services—

"The Court: Well, Counsel knows, all of you know that if the payment came from the decedent, she can't testify about it.

"Mr. Yelderman: That is right, nor can she testify that she was not paid by Mr. Sam T. Hill.

"The Court: That is right, according to the statute.

"Mr. Yelderman: Sir.

"The Court: According to the statute.

\*     \*     \*     \*     \*     \*

"Mr. Shelton: We object further, Judge, if the Court will permit me to interfere, because it is immaterial and irrelevant to any issue in this case. The only issue in this case is whether or not Sam T. Hill paid her and whether or not the Sam T. Hill Estate owes her money, and that is the issue. If somebody else did or didn't pay her, it don't make any difference in this case. It is immaterial and irrelevant and sheds no light on the issues.

"The Court: I will overrule that objection.

"Q. (By Mr. Rogers) Now, Mrs. Cooper, you may answer the question. A. No, sir.

"Q. Up until this day, you have never been paid? A. I have never gotten one penny.

"Mr. Yelderman: And we object to the second question and answer also, upon the same grounds, Your Honor."

We believe that since this case was tried before the Court it is presumed that the Court did not consider any improper testimony, but based his finding on other evidence in the record which was not objected to and tended to support the findings and all reasonable presumptions and every reasonable doubt as to the facts must be resolved in support of the judgment. The appellant did not offer any testimony. McDonald Texas Civil Practice, p. 1302, Sec. 16:10; Marshall v. Huron, Tex.Civ.App., 274 S.W.2d 572, and cases cited.

There was no question raised as to the presentment of the claim to and the rejection thereof by the administrator and filing of suit thereafter for jurisdictional purposes.

The judgment of the trial court is affirmed.

Affirmed.